FIRST NATIONAL BANK OF GLENCOE *vs.* E. B. LINCOLN and others.

*December 6, 1886.*

**Pleading — General Denial not Inconsistent with Allegation of Payment.**—In an action to recover for money alleged to have been converted, an allegation in the answer that the money had been paid to plaintiff is not inconsistent with a general denial of the allegations in the complaint showing plaintiff's right to receive the money.

Action on the bond of E. B. Lincoln, plaintiff's cashier, against principal and three sureties. Among other breaches assigned, the complaint alleged that on and prior to February 26, 1883, the firm of Lincoln Brothers, of which E. B. Lincoln was a member, was indebted to plaintiff in the sum of $5,150, which debt was then due and was partially secured by two insurance policies on the property of the firm, one payable to the plaintiff and the other to E. B. Lincoln as its cashier, as the interest of the plaintiff might appear. That the insured property was burned prior to February 23, 1883, and on an adjustment of the loss the liability of the insurance com-

pany to the plaintiff was fixed at $2,958.17, all of which was money and property of the plaintiff. That on February 27, 1883, E. B. Lincoln, as cashier, gave to one Isaac Lincoln an order on the insurance company for the full amount due plaintiff, upon which order Isaac Lincoln received all of the money, none of which has been accounted for or paid to plaintiff except $640, paid September 28, 1883; and that the order was given by E. B. Lincoln without authority from plaintiff, and with intent to defraud the bank of the insurance money and to assist Lincoln Brothers in obtaining it for their own use.

Each defendant answered separately. In three of their answers it was expressly admitted that the debt from Lincoln Brothers to the plaintiff was due and was secured by insurance policies as alleged in the complaint.

The defendant How, after answering specifically as to each of the other breaches assigned, answered specifically as to the insurance money as follows:

"Eighth. Defendant alleges in relation to said sum of $2,958.17, alleged to have been paid upon the said insurance policies held as collateral security, that the same and the whole amount thereof was paid to the plaintiff by said E. B. Lincoln before the commencement of this action, by the transfer to plaintiff of $2,000 of its capital stock and by payment in cash of $640 on September 28, 1883, and $325 July 19, 1883, being the same transfer of stock and cash payment upon said dates referred to in said complaint."

The answer of How concludes with a general denial as follows: "Ninth. Defendant denies each and every allegation of said complaint not hereinbefore admitted."

At the trial, before Geo. B. Young, as referee, the principal contention was as to whether the transfer of stock from E. B. Lincoln to plaintiff, mentioned in the pleadings, and certain admitted payments made by him, were on account of his liability for the insurance money, or generally on the indebtedness of Lincoln Brothers. No evidence was introduced to show that plaintiff had any lien on or other insurable interest in the property insured and destroyed, but the referee considered it as admitted by the pleadings, and therefore found, that the sum of $2,958.17 was, on February 28, 1883, due

and payable from the insurance company to the plaintiff by reason of the policies, the loss and the adjustment. And the referee accordingly included this sum in the amount for which he ordered judgment against defendant How as well as against the others.

The defendants having moved in the district court for McLeod county, for a new trial, an order was made by *Macdonald*, J., granting the motion unless the plaintiff should elect to take judgment against How for the sum of $280.06, and against the other defendants, and each of them, for $2,814.63. From this order the plaintiff appealed.

*Smith & Reed*, for appellant.

*E. Southworth*, for respondent How.

*H. J. Peck*, for the other respondents.

GILFILLAN, C. J. The principal question in this case is presented here, as it is evident it was presented to the court below, only as a matter of pleading. In its construction of the answer of the defendant How, the district court was right. The complaint alleged the misappropriation by E. B. Lincoln of $2,958.17 of insurance money due upon policies of insurance upon property of Lincoln Bros. held as collateral security to their note to plaintiff for $5,000, and contained allegations intended to show the right of the plaintiff to receive the money. The answer of How put these allegations in issue by a denial of "each and every allegation in said complaint not hereinbefore admitted." It is claimed, however, by plaintiff that this general denial cannot operate as a denial of the allegations in question, for the reason that the answer contains a previous allegation that the said insurance money "was paid to the plaintiff by said E. B. Lincoln, before the commencement of this action, by the transfer to plaintiff of two thousand dollars of its capital stock, and by the payment in cash." This fact is not inconsistent with want of right in plaintiff to demand the money,—with want of title to it. Hence the allegation of the fact is not an admission of such right or title, and the allegation is not inconsistent with, and does not modify, the effect of the general denial.

But the district court fell into error as to the amount recoverable on account of the insurance money. If the payment of that amount

by the insurance companies is to be deemed a payment to plaintiffs as of its date, extinguishing *pro tanto* the amount due on the note held by it against Lincoln Bros., then the misappropriation of it by E. B. Lincoln was a conversion of its money, and the measure of recovery would be the amount so converted, with interest, at the legal rate, to the date of the referee's report, with the proper deduction on account of so much of it as was returned to plaintiff by the payment of the $640; and it would be immaterial what became of the remainder due on the note after applying the insurance money as a payment. But both the referee and the district court held that plaintiff's right to recover on account of the insurance money is to be limited by the amount due at the date of the recovery on the note held by it; thus treating the money when misappropriated, and the claim to recover on account of the misappropriation, as collateral security to the note,—just as the right to receive it from the insurance companies before they had paid it was. Assuming this to be the correct theory,—and none of the parties complain of it,— then the conversion of the collateral security,—the payment of the money by the companies to Isaac Lincoln on the order of E. B. Lincoln, so that it never actually reached the plaintiff, nor became subject to its use,—did not in any way affect the amount due on the debt,— the note held by plaintiff. And the referee adopted the proper rule to ascertain the amount due; that is, by computing interest according to the terms of the note, making proper deductions for payments.

The order appealed from will be modified by the court below, by changing therein the figures $2,814.63 to $3,016.45.