First National Bank of Glencoe *vs.* E. B. Lincoln and others.

November 30, 1888.

New Trial—Conditions—Election.—An order, on a motion by defendant for a new trial, directed a new trial of the action, unless plaintiff should elect to take judgment against three of the defendants for a specified sum, and against another of them for a specified part of that sum. *Held,* that plaintiff could not, under the order, take judgment against the three as specified in it, and have a new trial as to the other.

Appeal by plaintiff from an order of the district court for McLeod county, *Edson,* J., presiding, denying its motion for a new trial of the issues between it and the defendant David L. How.

*Smith & Reed* and *Hooker, Little & Nunn*, for appellant.

*E. Southworth*, for respondents.

GILFILLAN, C. J.   This was an action on a joint and several bond. It was tried before a referee, who directed judgment against all the defendants for $3,017.46.   The defendants moved for a new trial, and the district court made an order granting the motion, unless the plaintiff should, within 30 days after notice, elect to take judgment against the defendants E. B. Lincoln, Isaac Lincoln, Jr., and L. W. Lester for $2,814.63, and against the defendant How for $280.06 of said sum.   The plaintiff appealed to this court, where the order was directed to be modified by changing the sum of $2,814.63 to $3,016.45. 36 Minn. 132, (30 N. W. Rep. 449.)   On the cause being remanded to the district court, the plaintiff elected to take judgment against E. B. Lincoln, Isaac Lincoln, Jr., and L. W. Lester, and it was so entered.   Plaintiff then moved the court for a new trial as to defendant How, and this motion was denied.

The motion was not, strictly, a proper one to make, for the question of a new trial had already been determined, and the cause then stood for a new trial, unless plaintiff had made his election to take judgment, and waived a right to a new trial.   But the parties seem to have understood differently the effect of the plaintiff's electing to take judgment against the defendants named, and to have desired to bring the matter in some way before the district court for its determination.   Hence the motion was made; and although it was not strictly regular, inasmuch as no notice of the irregularity was taken, either by the court below or by the parties here, we will consider the matter as though the motion were the proper one to make.   The court below decided that the election made by plaintiff determined its rights as to all the defendants, and that consequently there was to be no new trial as to any of them; and in this it was correct.

The order for a new trial was that there should be a new trial as to all the defendants, unless plaintiff should elect to take judgment as therein specified.   The court might have severed the case of the defendants, and directed a new trial as to one, unless plaintiff should elect to take judgment for a specified amount against him, and directed a new trial as to another, unless it should elect to take judg-

ment for a specified amount against him.   In that case plaintiff might have elected to take judgment against one, and to abide by the new trial as to the other.   But such was not the order.   It was entire, and the plaintiff could not sever it.   It was bound by the alternative presented by the order, and could not change it.   If it desired to take judgment as to some, and abide a new trial as to How, it ought to have asked the court to modify its order so as to permit it.   No question is made as to the validity of the election, but only as to the extent of it; and it seems conceded that if plaintiff's right to elect was only to take judgment against all, or abide a new trial as to all, the election made by it was still good, and in that case binding as to all.

Order affirmed.

MITCHELL and VANDERBURGH, JJ., (*dissenting.*)   We dissent.   The defendants were each severally liable on the bond in suit.   Plaintiff might have commenced his action against all or any one of them. How answered separately, raising different issues from those made by the answer of the other defendants.   In fact, a reference to the record on the former appeal, (36 Minn. 132; 30 N. W. Rep. 449,) will show that the order of the court below on the motion for a new trial imposed a different condition as to How from that imposed as to the other defendants, solely because certain allegations of the complaint, which were admitted by the other defendants, were put in issue by How's answer.   Whether a new trial is granted or had as to the other defendants cannot possibly affect How.   The amount to be recovered against him is not at all dependent upon the amount of the recovery against them.   His liability is limited by the amount of plaintiff's damages, not exceeding the penalty of the bond, proved under the issues formed by the complaint and his answer.   The order of the court below, as modified by this court on the former appeal, is, in effect, an affirmance of the decision of the referee as to all the defendants except How, and granting him a new trial, unless plaintiff will remit.   If the plaintiff and the other defendants are satisfied, How has no right to insist that they shall retry the issues between them, in which he has no possible interest.   Read in the light of the facts and the legal rights of the parties, the order of the

court below should be construed as a several order as to How. To hold otherwise, merely because of the verbal form of the order, as does the opinion of the court, seems to us too much like "sticking in the bark."