E. H. GAMMON and another *vs.* THOMAS GANFIELD.

January 18, 1890.

Inconsistent Defences.—Two defences are not inconsistent, if both may be true.

Contract of Sale—Parol Evidence.—Certain instruments executed by the purchaser of personal property to secure deferred payments, *held* not to be the contract of sale, so as to exclude oral testimony of the terms of sale.

Immaterial Evidence — Harmless Error.— Exclusion of evidence that could not, if admitted, have affected the verdict, does not prejudice.

Appeal by plaintiffs from an order of the district court for Rock county, *Perkins,* J., presiding, refusing a new trial after verdict of $122 for defendant.

*E. H. Canfield* and *Marshall A. Spooner,* for appellant.

*P. E. Brown,* for respondent.

GILFILLAN, C. J.    The action is to recover the remainder of the purchase price of a harvester and binder, sold by plaintiffs to defendant.    The answer alleges that the sale to defendant was by sample, and that by the terms of the sale the machine delivered or to be delivered was to be equal in quality and description to the machine shown to him, and that it was not equal to said machine, and that on discovering the fact he notified plaintiffs thereof, and returned to them the one delivered him.    It also alleges that on such sale the plaintiffs warranted the machine to be properly made and constructed, and of good material, and that with proper handling it would do good work in any grain, and as good as any other machine, and the answer then alleges a breach of this warranty.    At the opening of the trial the plaintiffs moved that the defendant be required to elect on which of these two defences he would rely, the motion assuming them to be inconsistent.   The court below denied the motion.   It may be that, if one of the defences were established, the other would be entirely unnecessary.    But that is not a test of consistency in two defences.    The test is, may they both be true?    It is only where, if one be true, the other must be false, that there is an inconsistency.    *Roblee* v. *Secrest*, 28 Minn. 43, (8 N. W. Rep. 904.)    It is not impossible that both of these defences are true.    There is even no improbability in the facts alleged that it was agreed or warranted that the machine to be delivered defendant should be equal in quality and description with the one shown him, and that it was also further warranted that the machine sold was properly made and constructed, and of good material, and that with proper handling it would do good work, etc.    In purchasing such a thing the purchaser may require warranties in as many particulars as he pleases.

To prove their case plaintiffs introduced in evidence two notes signed by defendant, containing many stipulations by him, manifestly for the security of plaintiffs, among them that the condition of the sale of the harvester and binder for which the note is given is that the title, ownership, or right of possession does not pass from plaintiffs until the note and interest shall be paid.    The plaintiffs then rested, and, on the defendant's offering to prove by oral testimony the sale and the conditions and warranties alleged in the answer, the plain-

v.42m.—24

tiffs objected, on the ground that the contract of sale is in writing, which objection was overruled. At the time of this objection the only writing referring in any way to the sale was contained in the two notes. They certainly do not contain the contract of sale. All the stipulations in them are on the part of the defendant. There is in them no contract on the part of the plaintiffs other than there is on the part of a payee in any promissory note, or mortgagee in any chattel mortgage. They do not purport to recite all the terms of sale. They do not state any price, nor any description of the property, except as a "hand-binder," but not what kind of one. It is clear that the notes were given in part-performance of a prior contract of sale, to show what defendant agreed to do as his part of the contract of sale, so far as related to the deferred payments. And it comes within the rule laid down in *Healy* v. *Young*, 21 Minn. 389, that, "to give the writing conclusive effect, the agreement itself must be reduced to writing. The rule does not apply where the written agreement is merely given in part-performance of the contract."

On the trial it was conclusively shown, there being no evidence to the contrary, that the machine to be delivered defendant was, according to the contract of sale, to be of the same kind as a sample machine shown him; that it was warranted to do good work, and that it was agreed that if it should not be the same as the sample, or if it should not do good work, he might return it, and the cash payment and notes should thereupon be returned to him; that the machine delivered to him was not of the same kind as the sample, and that it would not do good work, and that upon discovering those facts he offered to return it, and, after keeping it for a time to enable plaintiffs to see if they could not make it work, he returned it. Upon these facts the defendant was entitled to the verdict rendered. The evidence offered by plaintiffs to prove the price or value of separate parts of the machine could not, if admitted, have affected the facts above stated, nor the rights of defendant upon those facts. The exclusion of that evidence could not prejudice plaintiffs, even though it might be erroneous, on the theory that defendant could only recover damages for a breach of warranty.

Order affirmed.