HALVOR STEENERSON *vs.* JAMES M. WATERBURY *et al.*

Argued Dec. 21, 1892. Decided Jan. 11, 1893.

**Inconsistent Defenses, What are not.**

In an action to recover for professional services alleged to have been performed at defendants' request by plaintiff as an attorney at law, the answer contained a general denial, and also an averment that defendants had paid plaintiff in full of all demands, including that in controversy. *Held,* that the special plea of payment was not inconsistent with the general denial, nor did it control.

**Value of Attorney's Services, how Ascertained.**

On the trial of such an action the plaintiff cannot be allowed to show, for the purpose of establishing the value of his services, that, after he was employed by defendants, an attempt was made to secure his services on the other side of the litigation; or to show what a reasonable fee would have been had his services been secured, and had he conducted the other side.

Discretion Exercised in Granting or Refusing a New Trial, how Reviewed.[?]

Upon an examination of the evidence introduced in plaintiff's behalf on the trial of this action, it is *held* that it was not so manifestly and palpably in favor of the verdict against the defendants as to justify this court in saying that the court below abused its discretion in setting the verdict aside and ordering a new trial.

Appeal by plaintiff, Halvor Steenerson, from an order of the District Court of Polk County, *Baxter*, J., made August 13, 1892, granting a new trial.

The defendants, James M. Waterbury and Chauncey Marshall, were partners in business at No. 33 Front street, New York, manufacturing binding twine. S. C. Bennett of Minneapolis was their traveling agent in this state in 1888 and 1889, and sold to Fred Buse of Red Lake Falls, twine to the value of $6,054. Buse failed in business, and made conveyances of his property which his creditors claimed were fraudulent. Bennett, by direction of defendants, employed Miller, Foote & Sweatt as their attorneys to collect their claim. Soon after, this firm engaged the plaintiff as associate counsel, and gave him fifty dollars as a retainer, and stated the case to him. Buse soon after sought to employ plaintiff as attorney and counsel in the matter, but was refused, on account of the prior retainer. Plaintiff was not called upon after this to take any part in the matter, and he rendered no other service for Waterbury and Marshall. On August 28, 1890, plaintiff wrote them claiming that by engaging for them he was prevented from earning at least $1,000 from Buse, and demanding that sum. On April 11, 1891, he commenced this action to recover of defendants that sum for his professional services for them. They answered denying that they employed him, or authorized Miller, Foote & Sweatt to do so, and alleging that they had paid plaintiff fifty dollars in full of the claim set forth in the complaint. The issues were tried March 1, 1892, and plaintiff had a verdict for $500. On motion of defendants, the court granted a new trial, on the ground that there was no sufficient evidence that defendants authorized Miller, Foote & Sweatt to employ plaintiff.

*E. M. Stanton,* for appellant.

The answer of payment is inconsistent with a denial of the services. The plea of payment in full for the alleged demand set forth in the complaint admits that demand. *Derby* v. *Gallup,* 5 Minn. 119, (Gil. 85;) *Scott* v. *King,* 7 Minn. 494, (Gil. 401;) *McKyring* v. *Bull,* 16 N. Y. 297; 7 Wait, Actions and Defenses, 423; *Davis* v. *Millaudon,* 17 La. An. 97; 2 Greenleaf, Ev. § 600.

Under this state of the pleadings the plaintiff was not required to offer any evidence on the trial as to whether the services were authorized or requested by defendants, that being admitted by the answer of payment. The fact that he offered such evidence and proved what was already admitted, did not in any way prejudice the defendants. Bliss, Code Pl. §§ 340–347.

The evidence is manifestly and palpably in favor of the verdict, and the order granting a new trial should be reversed. *Hicks* v. *Stone,* 13 Minn. 434, (Gil. 398.)

*A. A. Miller,* for respondents.

An order granting a new trial can be reversed only when there is no ground on which it can be sustained. *Marsh* v. *Webber,* 13 Minn. 109, (Gil. 99;) *Adams* v. *Hastings & Dak. R. Co.,* 18 Minn. 260, (Gil. 236.)

Unless the trial judge abused his discretion in granting a new trial, and the preponderance of the evidence is manifestly and palpably in favor of the verdict, the order will not be reversed. *Pratt* v. *Pioneer Press Co.,* 30 Minn. 41; *Wilcox* v. *Landberg,* 30 Minn. 93.

The record in this case does not purport to contain all the evidence given on the trial. For this reason this court will not say that the court below abused its discretion in granting a new trial. *Chesley* v. *Mississippi & R. R. Boom Co.,* 39 Minn. 83; *Mead* v. *Billings,* 40 Minn. 505; *Brackett* v. *Cunningham,* 44 Minn. 498.

Plaintiff cannot recover for loss of employment by another on a complaint for services rendered to defendants. It is a different cause of action. *Stees* v. *Leonard,* 20 Minn. 494, (Gil. 448;) *Dennis* v. *Spencer,* 45 Minn. 250.

The question in this case to be determined ultimately is whether or not plaintiff can recover of defendants for loss of employment by Buse. This question is fairly raised by the record, and the court below, in the event of a new trial, must again pass on it. If plaintiff cannot so recover, then there will probably be no recovery in this action.

COLLINS, J. On the trial of this action, which was brought to recover for professional services alleged to have been rendered by plaintiff, as an attorney at law, at defendant's request, the principal question for the jury was as to the power or authority of defendants' agent to employ the plaintiff. There was a verdict in his favor, and a new trial was granted, on the ground, as appears from a memorandum attached to the order appealed from, that the testimony which was produced to establish the power or authority of the agent to employ the plaintiff was insufficient to charge the defendants with his alleged act. Whatever might be said as to the sufficiency of the evidence to support the verdict had defendant's motion for a new trial been denied, and an appeal taken by them, it is apparent, on this appeal, that the evidence on the main question was not so manifestly and palpably in favor of the verdict as to justify us in declaring that the learned trial court abused its discretion when making the order appealed from. It must therefore be affirmed, and this renders it proper for us to briefly discuss two questions which presented themselves on the first, and which would undoubtedly be raised on the second trial, unless disposed of at the present time.

1. There was a general denial in the answer by which the allegations of the complaint as to the rendition of the services, and that they were performed at defendants' request, were put in issue, and this denial was followed by a special averment that prior to the commencement of the action defendants had paid plaintiff in full of all demands, including that set forth in the complaint. The position of plaintiff was, and is, that, because of an inconsistency between the general denial and the special plea of payment, the latter controlled,

and it stood admitted on the trial that the professional services were rendered at defendants' request. Under our system of pleading, a defendant may set up as many defenses as he may have; the only limit to this right being that they must not be inconsistent. Separate and distinct defenses are consistent when both may be true, and are only held inconsistent when the proof of one necessarily disproves the other. These allegations did not stand opposed to the extent that, if one should be established by testimony, the other would of necessity be proven untrue; for the fact might be that plaintiff's services had been rendered without defendants' request, and yet have been considered and taken into account in a subsequent settlement, at which they paid plaintiff in full of all demands. There exists no good reason why one should not be permitted to settle a claim for services which he regards as unjust, because no services have been required, without having his act construed to his prejudice.

2. Much of the testimony in respect to the character and extent of the litigation had or anticipated with Buse was properly received in the case; but it was error for the trial court to allow the plaintiff to show that Buse endeavored to retain him after he had been employed, as he claims, by defendants, and further to show what a reasonable fee would have been had Buse employed him, and had he conducted the defense which would have been required in case the proposed civil and criminal proceedings against Buse had been commenced. The plaintiff, if entitled to anything, must recover the value of the services performed in defendants' behalf. This value cannot be increased, on the one hand, by the fact that he could have been retained on the other side of the litigation, or decreased, on the other hand, by the fact that his clients' adversary made no effort to employ him; nor can it be measured by any estimate as to what would have been a reasonable fee had he been so employed.

Order affirmed.

(Opinion published 53 N. W. Rep. 1146.)