HYMAN F. FEGELSON v. CHARLES E. DICKERMAN.[1]

December 13, 1897.

Nos. 10,869—(150).

Landlord and Tenant — Pleading — Demurrer to Answer — Issuable Facts.

   *Held*, in this case, that there are material allegations of facts arising upon the pleadings, maintained by one party and controverted by the other, which, under the statute, constitute issuable facts upon which the defendant is entitled to trial by judicial examination, and that the trial court erred in sustaining the plaintiff's demurrer to the defendant's answer.

[1] Reported in 73 N. W. 144.

Action in the municipal court of St. Paul. The substance of the complaint and answer is given in the opinion. From an order of the court, Twohy, J., sustaining a demurrer to the answer, defendant appealed. Reversed.

*G. J. Lomen,* for appellant.

G. S. 1894, § 5236, provides what the answer shall contain. If the general denial be qualified by special pleading, it is nevertheless sufficient, if there be no uncertainty as to what is specially pleaded. Jellison v. Halloran, 40 Minn. 485. Either party being at liberty to perform the contract, there can be no recovery of consideration paid. 44 Cent. L. J. 515; McKinney v. Harvie, 38 Minn. 18; Sennett v. Shehan, 27 Minn. 328.

*Frederic A. Pike,* for respondent.

The lease set forth in the answer was void for uncertainty. It does not appear when the lessee's term was to begin or end. 1 Sheppard's Touchstone, 272; Coke Littleton, 45 b; 1 Wood, Land. & T. § 205. If the lease was good, it has been rescinded by the conduct of the parties, especially that of Dickerman. Washabaugh v. Stauffer, 81½ Pa. St. 497. The rescission is shown by Dickerman permitting Steinberg and Levenson to remain in possession of the premises from March 25, 1896, and so to become tenants from year to year. Gardner v. County, 21 Minn. 33; Smith v. Bell, 44 Minn. 524; Hunter v. Frost, 47 Minn. 1. If there being no demand alleged in the complaint is a defect, it is cured by the allegations of the answer, which show that such demand was useless. Bennett v. Phelps, 12 Minn. 216 (326). The money paid may be recovered. Bennett v. Phelps, supra; Hall v. Norton, 79 Iowa, 352.

BUCK, J.

The plaintiff in his complaint alleges that about December 18, 1895, he rented of the defendant for the period of one month from March 25, 1896, to April 24, 1896, certain premises for the rental of $35, which he paid in advance to the defendant, who covenanted that the plaintiff should peaceably and quietly have and enjoy said premises for said term, but that plaintiff was unable to have and enjoy possession thereof by reason of defendant and his assigns

preventing him from so doing, and that the consideration for which he paid said $35 rental wholly failed.

The defendant answered, and alleged that said lease was in writing, whereby he leased the said premises from and after March 25, 1896, or as soon thereafter as defendant could secure possession of the same, for the full term of two years at the agreed rental of $35 per month, payable on the first day of each month; and that plaintiff knew at the time of the making of said lease that said premises were occupied by other tenants of the defendant, whose term expired March 24, 1896. He further alleges that said tenants unlawfully held over the said premises, and that at the special instance and request of the plaintiff the defendant duly commenced an action to oust said other tenants, and that he succeeded in so doing, but that before the determination of said action the plaintiff refused, and ever since has refused, to occupy said premises or pay further rent than the $35 sued for in this action; and that by the terms of said lease it was expressly agreed that, in case of failure to pay rent due, the defendant might re-enter and take possession of said premises without such re-entry or possession working a forfeiture, but that defendant nevertheless has kept himself in readiness to give plaintiff possession of said premises since May 6, 1896, should the plaintiff desire such possession.

And, by way of counterclaim, defendant in his answer alleges that since March 25, 1896, he has collected of the other tenants, as damages for their wrongful detention of said premises, the sum of $30 per month, which he is willing to apply as rent paid and to be paid by plaintiff under his said lease, but that there is still due to defendant and unpaid upon his said lease, after applying the rent paid by plaintiff and the damages aforesaid, up to and including May 1, 1897, the sum of $35, no part of which has been paid. Otherwise than as the allegations of the complaint are admitted and qualified by the answer, they are denied. And defendant demands judgment against the plaintiff for the sum of $35. To this answer the plaintiff interposed a demurrer upon the ground that it did not state a counterclaim or defense. The demurrer was sustained by the court, and the defendant appealed.

The respective counsel agree that the complaint states a cause

of action. The general denial in the answer put the allegation in the complaint in issue, except as admitted or modified by the answer; but nowhere is there an admission therein that the lease was for one month, or that the defendant covenanted with plaintiff that plaintiff should peaceably and quietly enjoy said premises for the term of one month. These were material allegations of facts arising upon the pleadings, maintained by one party and controverted by the other, and constitute what is designated by the statute issues of fact. The defendant was entitled to have these issues tried by judicial examination, and we find no ground justifying the plaintiff's demurrer or the order of the court sustaining it.

Order reversed.