D. M. OSBORNE & COMPANY v. G. V. WALLER and Others.

June 15, 1898.

Nos. 11,116—(112).

Guaranty—Defenses: (1) Extension of Time, (2) Payment—Error to Compel Election between Defenses.

The defendant was sued as a guarantor on two promissory notes, and answered (1) that the time of payment had been extended without his consent or knowledge; (2) that the notes had been paid. Held, that the defenses were not inconsistent, and that it was error to compel the defendant to elect which one he would rely upon.

Appeal by defendant Larson from an order of the district court for Wright county, Tarbox, J., denying a motion for a new trial. Reversed.

M. C. Brady, for appellant.

R. B. Brower, for respondent.

START, C. J.

Action to recover from the defendants, as guarantors, the amount of two promissory notes. The defendant Larson answered, setting up two defenses: (1) That, without his knowledge or consent, the plaintiff for a valuable consideration extended the time for the payment of the notes; (2) payment of the notes before the commencement of the action. On the trial the defendant was required by the court, on motion of the plaintiff, to elect which defense he would stand upon, on the ground that the two defenses were inconsistent. He elected to rely upon his first defense, and excepted to the order of the court compelling him so to elect. Verdict for the plaintiff, and the defendant appealed from an order denying his motion for a new trial.

The first assignment of error is that the trial court erred in requiring the defendant to elect which defense he would rely upon. A sufficient exception was taken to the ruling. The defenses were not inconsistent, for both might be true. The time of payment may have been extended, and the notes paid after they became due. Roblee v. Secrest, 28 Minn. 43, 8 N. W. 904; Gammon v. Ganfield,

42 Minn. 368, 44 N. W. 125. It was therefore error to compel the defendant to elect, for which a new trial must be granted.

Order reversed, and a new trial granted.