BANK OF GLENCOE v. W. M. CAIN and Others.[1]

June 5, 1903.

Nos. 13,461—(44).

#### Vendor's Lien.

In an action brought to enforce a purchase-money lien, and for judgment against the signers of a promissory note, the defense was made that the signatures to the note were not genuine, and, if they were, they had been procured by fraudulent representations. *Held*, the defenses were not inconsistent.

#### Judgment notwithstanding Verdict.

A motion for judgment for defendants notwithstanding the verdict, when made with reference to all the defendants, is properly denied when it appears that it may have been granted as to some of the defendants only.

Action in the district court for Carlton county to recover from defendants $3,200 upon a promissory note and contract, and to have the amount found due declared a specific lien upon certain creamery buildings and land, for the purchase of which the note and contract were alleged to have been given. The case was tried before Cant, J., and a jury, which made special findings that certain defendants had signed the note and contract, and rendered a general verdict against the other defendants for the sum demand-

[1] Reported in 95 N. W. 308.

ed. From an order, denying a motion for judgment against all defendants notwithstanding the verdict, but granting a new trial, plaintiff appealed. Affirmed.

*H. S. Lord,* for appellant.

*H. Oldenburg* and *Jno. Jenswold, Jr.,* for respondents.

LEWIS, J.

It appears from the record that in 1898 a contract for the construction of a creamery at Barnum, Minnesota, was circulated for signatures; the parties subscribing thereto agreeing to pay to E. S. Gibbs $3,200, by note, when the creamery was completed. It is claimed that about forty merchants and farmers residing in the vicinity of Barnum signed the contract, and that, in connection with it, practically the same persons executed a promissory note for $3,200, payable to the order of Mr. Gibbs on or before two years, with interest at seven per cent., running from the date of the completion of the creamery. The consideration, as stated in the note, was the building of the creamery. A corporation was organized by many of the alleged signers of the contract and note, and the creamery was built and turned over to such company by Mr. Gibbs, and operated by it for the greater part of two seasons. The signers of the note having denied their liability, this action was brought for the purpose of enforcing a purchase-money lien upon the creamery, and for judgment against the signers of the note.

Some of the defendants appeared individually and served separate answers, some defaulted, and others joined in a general answer. The joint answer sets forth these defenses: First, that none of the defendants signed the note and contract, and, if they did, it was done upon false and fraudulent representation as to the nature of the papers, and by means of some trick or artifice to the parties unknown: second, that, if defendants did sign the contract and note, it was pursuant to an agreement that, if a certain amount of patronage for the creamery should not be obtained, the enterprise would be abandoned, and no liability attached to the note and contract, and that such patronage was never secured, and the contract and note were therefore void.

At the commencement of the trial, plaintiff made a motion to compel defendants to elect upon which defense they should stand, and the court permitted several amendments, but finally refused to cause such election to be made, and submitted to the jury a special verdict in respect to five of the signers; and, as to these five, the jury returned a special finding that they signed both the note and contract. The court, however, withdrew from the jury a consideration of the last defense above set forth, upon the ground that there was no evidence to support it, and instructed the jury that they should determine from the evidence whether or not the defendants signed the note, and, if they should determine that they did, then they should further determine whether it was signed under false representations, or by means of some trick or artifice practiced upon them by the payee, and, if they should so find, then to return a verdict for the defense. A general verdict was returned for all of the defendants, except certain persons who were in default for want of an answer.

Before the cause was submitted to the jury the plaintiff moved to direct a verdict against all of the defendants upon the ground that the defenses were inconsistent, and that defendants had failed to elect upon which one they would stand, and upon the ground that there was no evidence to support the defense, and that the evidence was irrelevant, incompetent, and immaterial, and inadmissible under the pleadings, all of which motions were denied, whereupon appellant moved for a verdict notwithstanding the general verdict as against the five defendants who were found by the special verdict to have signed the note and contract, and for judgment notwithstanding the verdict against all of the other defendants, and moved also for a new trial. The court granted the motion for a new trial as to all of the defendants, and denied both motions for judgment notwithstanding the verdict, and this appeal involves only that part of the order denying the motion for judgment notwithstanding the verdict.

The answer stated a good defense, at least in part. There was no inconsistency between the first two defenses, viz., that the signatures were not genuine, but, if so, they were procured by

fraud. A more serious question is presented as to the last defense, but it is not subject to review on this appeal.

The motion as to all of the defendants not embraced in the special verdict was properly denied for the reason that it was impossible for the court to determine, from the nature of the verdict, whether the jury found that the signatures were not genuine, or that they were genuine, but procured under false representations; and the evidence was not conclusive on the latter question, conceding it to be so on the former. The motion was properly denied for the further reason that, when a motion of this character is made as to all the defendants, it must be denied as to all when the evidence shows that it may be granted with respect to a part only. First Nat. Bank of Decorah v. Holan, 63 Minn. 525, 65 N. W. 952.

The same rule applies to the motion applicable to the five defendants embraced in the special verdict, and the motion was properly denied if it appeared that it should have been granted as to a part only. While the motion may have been proper as to some, we are not satisfied that the evidence was conclusive as to all of them. The record in this case is exceedingly unsatisfactory. While we do not wish to discourage the practice of presenting a case upon appeal to this court by a proper bill of exceptions, in order to reduce the volume of the record, in this instance an effort was made to print in the paper book extracts only of the evidence and the proceedings, and we have had difficulty in picking out the pertinent parts of the record. The action is rather a complicated one, being partly of an equitable and partly of a legal character, and involves a great number of defendants, some of whom answered separately, and others jointly. A serious question was raised upon the trial as to whether some of the defenses were inconsistent. The court submitted to the jury a special finding as to whether five only of the defendants signed the note and contract, when from the record we can discover no reason for picking out those particular five. The evidence as to fraud and mistake or trickery was very uncertain, indefinite, and unsatisfactory. It was a difficult matter for the court to review the evidence with respect to each particular defendant, and much more difficult for the jury to give due

consideration to the evidence as bearing upon each particular defendant.

The note had passed into the hands of an apparently innocent purchaser. A correct solution of the case involved the question as to whether the note was negotiable, and whether G. S. 1894, § 2239, was applicable, and, if not, what rule of law controlled in determining the effect of fraudulent representations in securing the signatures, and the degree of negligence on the part of the signers. This further question of law was involved: The creamery having been constructed and turned over to a company organized by many of the contract and note signers, did such action on their part amount to a ratification? And we have no doubt there are other legal propositions in connection with this complicated matter which were not called to the attention of the trial court. We are not called upon to review these propositions on this appeal, and attention is now directed to them in view of a new trial. We judge from the memorandum attached to the order granting the new trial that the court appreciated the difficulty of the situation, and concluded that the parties should have the benefit of the experience, amend their pleadings, give due consideration to the law and evidence, and that substantial justice would be better accomplished by a new trial as to all of the defendants, although on the evidence alone the motion might have been granted as to some of them.

Order affirmed.