RALPH REES v. F. L. STORMS.[1]

June 21, 1907.

Nos. 15,235—(155).

**Pleading—Amendments.**

> Current trial practice requires that an answer be construed reasonably, and not technically, and that the discretion of the trial court in granting amendments be exercised liberally, so as to secure to the defendant his statutory right of asserting as many defenses as he may have, and to bring about a trial upon the merits.

[1] Reported in 112 N. W. 419.

**Separate Defenses.**

> Separate defenses are consistent when both may be true, and are held inconsistent only when the proof of one necessarily disproves the other.

**Action for Rent—Amendment of Answer.**

> In an action by a landlord to recover rent under a written lease, the trial court denied defendant's application for leave to amend his original pleading—a general denial—by alleging also, by way of confession and avoidance, a subsequent oral agreement of the parties inconsistent with plaintiff's right to recover, and excluded evidence to that effect. *Held* error.

Action in the municipal court of Minneapolis to recover $50. The case was tried before C. L. Smith, J., who, at the conclusion of the testimony, granted a motion for judgment in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial defendant appealed. Reversed.

The complaint of plaintiff and respondent, a landlord, sought judgment against defendant and appellant, the tenant, for $50 rent of described premises remaining unoccupied for the month of November under a written lease. The answer was a general denial. On trial it appeared that the premises had originally been leased by parol from month to month at the rate of $40 a month. Plaintiff notified defendant in writing "that on and after April 1, 1906, the rent of stores * * * will be at the rate of $50 per month for one year from above date." Defendant paid the old rental for the months of April and May, and the increased rent after June of that year. On August 14 defendant wrote and signed a letter to the plaintiff enclosing the increased rent for April and May. He vacated the premises on November 1 and paid no rent since.

In the course of trial defendant asked leave to amend his answer so as to make it consist, first, of a general denial; second, of an allegation of a later verbal lease; and, third, of the defense of the statute of frauds as to the lease sued upon. The second allegation was as follows: "That on or about the first day of January, 1904, defendant went into possession of the said premises under an oral lease with plaintiff from month to month, and continued in possession un-

der said lease and paid all rent due thereunder. That on or about the 31st day of August, 1906, the said lease was duly terminated by this defendant by a proper notice in writing, to take effect October 1, 1906. That during the month of September, and shortly prior to the first day of October, 1906, the plaintiff and defendant entered into a verbal lease for the occupancy of the said premises for the month of October, 1906, and about the first of November of that year, at and for the agreed price and rate of $50 per month. That defendant paid all of said rent, and vacated and surrendered said premises to said plaintiff on or before November 1, 1906." To this request plaintiff objected that it was "not within the discretion of the court to permit the amendment; that the defendant elected to stand upon his original answer, which was a denial of the execution of the written lease; that the proposed amended answer is inconsistent; and that it is incompetent, irrelevant, and immaterial." This objection was sustained. Subsequently the court also sustained plaintiff's objection to defendant's offer to prove substantially the facts set forth in the second subdivision of the proposed answer. The court directed judgment for plaintiff as prayed for in the complaint. This appeal was taken from an order denying a motion for a new trial.

*C. J. Traxler* and *J. R. Ware,* for appellant.

*S. Meyers,* for respondent.

JAGGARD, J. (after stating the facts as above).

The essential question presented by the assignments of error is whether the trial court erred in refusing to allow the proposed amendment and in excluding the offered testimony. A determination of this question calls for a brief animadversion to the fundamental principle of code pleading that the person sought to be charged may assert as many defenses and counterclaims as he has. Section 4132, R. L. 1905. The avowed purpose of the so-called reformed procedure was, among other things, to correct and avoid certain conspicuous evils which grew up in the administration, if not in the nature, of the common-law pleading of a defendant. The object of all rules of pleading is to secure the brief, orderly, and plain statement of the facts on which the respective contentions of the parties to the action are based, so as to produce definite issues. The mediæval common-law lawyers, true to the methods of

thought of their day, reasoned scholastically and tended to confuse the means with the end. In a measure they worshipped, not the attainment of justice, but the evolution of a perfect artificial system of pleading. It is elementary that, when natural logic extended the scope of evidence admissible under a general denial until a sort of trespass was committed upon the premises of the plea by way of confession and avoidance, the judges provided a remedy, as the result of which the respective boundaries of each plea were again protected with the same sacredness as were private lands. Stephen, Pl. 158. The same metaphysical subtlety was extended to applications of the self-explanatory rule that defenses must be consistent.

The code system has not proved a panacea for this or for other ills. It has not accomplished the impossible claims of its extreme advocates. It has almost literally reproduced common-law forms and rules. Witness the present general denial and special pleading of affirmative defenses, which are in substance and effect the same as the common-law traverse and plea by way of confession and avoidance. Witness, also, the current requirement of consistency in an answer. The substance of the change has proved to be in the administration of the law. There has resulted at least a declaration of principles, an exercise of liberality, an abandonment of technicality in the interpretation of pleas interposed, and a generous exercise of discretion in the allowance of amendments, so as to secure a trial upon the merits. The reform has brought the courts down to the facts of a case, and has diminished indulgence in deductions from the technical formulæ of the law.

The courts of England and America to-day seek to make the law adjective subservient to the law substantive, and more specifically to avoid the imposition of any artificial restrictions upon such defenses, existing in fact, as may be applicable in logic or recognized by law. The essential requirement is that the facts be stated, however generally, still fully enough to reasonably apprise the adversary. Accordingly little time or energy should be wasted in academical discussions of the possible vague limitations of the traverse or the plea by way of confession and avoidance, or of nice controversies concerning the consistency or inconsistency of the plea which counsel has seen fit to select. If a court doubts whether a given defense is admissible under the

general denial, when that plea only has been interposed, and amendment by way of confession and avoidance is sought, the approved practice is that it should exercise a liberal discretion in permitting the amendment upon such terms as may seen just.

It is a vexed question whether an objection as to the inconsistency of defenses is available. For example, it was recently held in Hardman v. Kelly (S. D.) 104 N. W. 272: "As under the code system defendant may plead as many defenses as he may have, the denial of a motion to amend an answer inserting certain defenses because inconsistent with certain defenses previously set up in the answer was a misuse of discretion, entitling defendant to a new trial." Where, however, the objection of inconsistency has been sustained, the contradiction has generally been in logic arising from the facts, and not from the mere formal plea employed. Thus, in this state, it has been held that separate and distinct defenses are consistent when both may be true, and are held inconsistent only when the proof of one necessarily disproves the others. Derby v. Gallup, 5 Minn. 85 (119) ; Steenerson v. Waterbury, 52 Minn. 211, 53 N. W. 1146. It is no test of inconsistency that, if one is proved, the other is unnecessary. Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; D. M. Osborne & Co. v. Waller, 73 Minn. 52, 75 N. W. 732; Backdahl v. Grand Lodge A. O. U. W., 46 Minn. 61, 48 N. W. 454.

The authorities holding defenses to be respectively consistent and inconsistent will be found in sections 477, 478, Dunnell, Minn. Pl. The subject is fully discussed in Bliss, Code Pl. §§ 339–344, c. 17. The later cases will be found clearly summarized in 6 Current Law, 1030, note 58; 4 Current Law, 1005, notes 77, 78; 2 Current Law, 1197, notes 49, 50.

Where a tenant employs the plea of general denial in an action by the landlord to recover rent, the evidence which the tenant has been allowed to introduce has taken a wide range and the plea most liberally interpreted. Thus, in Friedlander v. Cushing, 18 La. An. 124, plaintiff alleged that defendant had removed without his consent, and it was held that under a general denial the defendant might prove that his lessor gave him permission to quit the premises before the close of his term. And see 24 Cyc. "Landlord & Tenant," 1220, 1221. The same spirit of liberality is evident in the decisions on this subject in

101 M.—25

this state. Minneapolis Co-operative Co. v. Williamson, 51 Minn. 53, 52 N. W. 986, 38 Am. St. 473; Hausman v. Mulheran, 68 Minn. 48, 70 N. W. 866; Fegelson v. Dickerman, 70 Minn. 471, 73 N. W. 144.

In the case at bar, defendant relied upon certain alleged facts which for present purposes must be assumed to be true. The rules of pleading entitled him to utilize the full legal effect of that defensive matter. One part of that effect, in view of the uncertainty as to what agreement had resulted from the writing, was to show that the parties themselves, by their own subsequent conduct, interpreted and treated the agreement as creating, not a tenancy for a year, but only as increasing rent from month to month by the sum of $10 a month. This was available under a general denial.

Another part of the legal effect of such defensive matter was to show the subsequent specific agreement which defendant contends would have determined the present controversy for him. This would have been available under the proposed amendment setting up a special plea by way of confession and avoidance. It was not important for the trial court to delicately balance the sufficiency or insufficiency of the plea actually interposed. It should either have received the evidence under that plea or have permitted the amendment upon terms. There is no logical or legal inconsistency between the proposed defenses to have justified the ruling of the trial court. Defendant might properly insist that he never made a lease from year to year in April, and also that he subsequently made a lease for a specific month. Proof of the later agreement would not disprove his contention as to the contract in the spring.

The other assignments of error are of no merit. The statute of frauds did not avail defendant. The notice by plaintiff and the letter of defendant, construed together in the light of surrounding circumstances, supplied the statutory requirements as to signature and description of the premises. The legal result of that agreement, in the light of the subsequent conduct of the parties, is the matter to be determined upon trial.

The order is reversed, and a new trial granted.