F. W. Fitch, appellee, v. Euclid Martin, Administrator, appellant.*

Filed December 17, 1908.    No. 15,865.

1. **Witnesses: Evidence: Transactions with a Decedent.** If a claimant in support of his account against the estate of a deceased person testifies concerning independent acts performed by him, and as to which the deceased did not personally participate, he must furnish other and competent evidence connecting those acts with the subject of his demand, or his evidence will be stricken from the case. And, in giving that testimony, it is not proper for his counsel to interrogate claimant on the assumption that such services were performed for the deceased.

2. ——: ——: ——. F., a claimant against the estate of M., testified to the examination of the records of title to real estate, and refreshed his memory by referring to diaries kept by himself. He was cross-examined concerning certain of those entries, whereupon the court over defendant's objections permitted plaintiff to introduce in evidence not only the entries referred to in his cross-examination, but also those parts of the diaries relating to other and distinct alleged transactions with M. *Held,* Error.

3. **Executors and Administrators: Claims: Appeal: Pleading: Construction.** If objections are interposed in the county court to the allowance of a claim against the estate of a deceased person, the issues thus framed will be construed with great liberality in the district court.

4. **Pleading: Construction.** A plea of general settlement and payment of all claims and demands is not an implied admission that any specific cause of action existed in plaintiff's favor and against defendant during the time covered by that settlement, and is not inconsistent with a general denial.

Appeal from the district court for Douglas county: Abraham L. Sutton, Judge. *Reversed.*

*McGilton & Gaines,* for appellant.

*A. S. Churchill* and *Byron G. Burbank, contra.*

Root, J.

This is the third appearance of this case in our court. A sufficient statement of facts may be found in the opin-

* Rehearing denied. See opinion, 84 Neb. ——.

ion of Judge LETTON, 74 Neb. 538. Upon the last trial some additional evidence was produced by both plaintiff and defendant. The jury returned a verdict in favor of plaintiff for $1,426.92, and defendant appeals. Plaintiff prosecutes a cross-appeal.

1. Defendant argues that the evidence is so overwhelming that plaintiff's claim is spurious that the judgment should be reversed and the cause ordered dismissed. While there is much that is unsatisfactory in the evidence adduced, there is also evidence to support plaintiff's claim. It would extend this opinion without profit to summarize the evidence pro and con, but we have considered it carefully, and remain of the opinion that a jury, and not the court, should say which of the many witnesses testifying are entitled to credit, and find accordingly.

2. Plaintiff as a witness in his own behalf was interrogated: "Q. You may state what services you rendered to Robert Major from October, 1893, down to the time of his death on September 13, 1902?" (Time covered by alleged contract for services.) Defendant objected as involving matters of personal transactions with the deceased, and the court ruled: "The witness may answer excluding all conversations and all transactions with Robert Major, the deceased." The witness then testified to numerous examinations of the records to ascertain titles to various tracts and lots of land and to performing other services. In some instances other evidence tended to support an inference that plaintiff probably was thus acting in the interests of Major, but many of the transactions, as we understand the record, were not thus connected with the deceased. At the close of the evidence defendant moved to strike out and exclude from the jury the greater part of plaintiff's testimony concerning the services performed, for the alleged reason that he had failed by evidence other than his own testimony to connect Major therewith. A separate motion was directed against each transaction testified to, and all the motions were overruled. We are of opinion that the learned district judge erred. All of said motions

should not have been sustained, but in many instances they should have been.

As to the admissibility of the testimony, plaintiff relies on our former opinion in 74 Neb. 538, but it does not support his contention. The question first asked, and quoted in full, is based on the assumption that the services inquired about were rendered for Major. By overruling the objection thereto, although the witness was cautioned that he must not relate conversations or personal transactions with Major, the court still permitted the answer, and those that followed, to go to the jury as referring to work performed for the deceased, and that was the very crux of the case. The opinion of Judge LETTON merely suggests that a plaintiff may testify to what he has done, providing it does not involve a personal transaction with the deceased, and then, if he can connect those services with the deceased by other and competent evidence, his testimony, if relevant and otherwise competent, may go to the jury. But he does not state, nor is it the law, that the question may be propounded in such form that an answer thereto, while ostensibly excluding the deceased therefrom, still carries with it the inference that the services were performed for the deceased. To so hold would emasculate section 329 of the code. There is no such exception in the statute, and we are not authorized to enlarge its scope. *Kroh v. Heins*, 48 Neb. 691. Independent of this vice, which tainted said testimony, the evidence should not have been retained in the record unless some other competent evidence, whether introduced by plaintiff or defendant, tended to connect Major with those transactions. Many were not thus connected and to that extent defendant's motion at the close of the evidence should have been sustained. 1 Elliott, Evidence, secs. 191, 192; *People v. Millard*, 53 Mich. 63; *Huckins v. Kapf*, 14 S. W. (Tex. App.) 1016.

3. Plaintiff in testifying to said transactions refreshed his memory by examining entries that he claims to have made in private diaries in the years 1893 to 1902. As to

many of those entries the witness was cross-examined, but not as to all of them. Over the objections of defendant all of said entries were admitted in evidence. Defendant's counsel stated specifically that no objections were made to those entries upon which plaintiff had been cross-examined. The entries objected to purported to recite personal transactions with Major concerning the matters in litigation here. They were incompetent and should have been excluded. *Pettis v. Green River Asphalt Co.,* 71 Neb. 513; *In re Estate of Neckel,* 80 Neb. 123.

4. In the county court the executor objected to the allowance of plaintiff's claim because, as he alleged, it was extortionate, fraudulent and without merit, because Major in his lifetime had paid plaintiff for all services rendered; that long before the decedent's death he had settled with and paid plaintiff for all matters between them; that the statute barred all services alleged to have been rendered before October, 1898; that all subsequent services referred to were never in fact performed, and that deceased was never indebted therefor. In the district court the administrator denied generally all allegations in the petition, alleged that whatever claim plaintiff may have had against Major for services was fully settled for and paid by deceased, and that all matters between them were fully settled and adjusted in Major's lifetime, pleaded the statute of limitations and a specific denial that any services had been performed for Major by plaintiff subsequent to October, 1898. After three trials in the district court defendant was permitted to withdraw so much of the answer as referred to payment. By proper motions, exceptions and a cross-appeal, this error, if one was committed, has been presented for our decision.

Defendant insists that the issues were framed in the county court on the theory of payment, and without a general denial; that thereby plaintiff's contract and Major's liability were admitted, subject only to be defeated upon proof of payment, and the burden was upon defendant; that the issues on appeal must remain identical with

those presented in the county court, and that the court erred in permitting defendant to withdraw the second paragraph of the answer. Claims against the estates of decedents in Nebraska are to be examined and adjusted either by the county judge or a commission of two or more persons appointed by the court for that purpose. The statute relative to the settlement of estates is silent concerning the filing of pleadings or the formation of issues in case a claim is resisted. Section 221, ch. 23, Comp. St. 1907, directs the executor or administrator to exhibit any offset in favor of the estate, and prohibits the allowance of any claim barred by the statute of limitations. Appeals may be prosecuted by the executor, administrator or claimant from any order of the court allowing or disallowing the claim in whole or in part. Section 238, ch. 23, *supra,* provides that the cause shall be tried in the district court in like manner as upon appeals from the judgments of justices of the peace, and authorizes the district court to direct that issues be made up between parties. The legislature did not contemplate that pleadings should be filed in the county court, nor that on appeal the representative of the estate should be held strictly to the theory upon which he made his defense in the county court. Attorneys are not always employed to counsel and direct the representatives of an estate. The administrator is often ignorant of the transaction involved, and frequently upon the hearing something may develop that upon inquiry will lead to knowledge of a defense to the claim. While mock trials ought not to be encouraged in the county court, yet justice will be subserved in a majority of the disputes that may arise in the matter of claims against estates by extreme liberality in the application of the rules of pleading.

In *Herman v. Beck,* 68 Neb. 566, it was held that an administrator could not be defaulted, but that if a claim was allowed in his absence, and it appeared from the record that such allowance was excessive, the judgment would be reversed in the district court. In *Stichter v. Cox,* 52 Neb. 532, Mr. Justice NORVAL reasoned that the statute

did not require the representative of the estate to plead to any claim in the county court. The fifth paragraph of the objections in county court averred that none of the services alleged to have been performed subsequent to October, 1898, were ever in fact rendered, and there is something of a negative pregnant lurking in this denial. However, the allegation in the first paragraph of the objections, that the claim was extortionate, fraudulent and without merit, may be construed as a general denial. We have not overlooked *Estate of Fitzgerald v. Union Savings Bank,* 65 Neb. 97, cited by plaintiff, but we there held that it must clearly appear that the issue tendered in the district court was not presented in the county court or the evidence submitted in the upper court will be received.

Counsel argue with great force that the objections contained a plea of payment, which thereby confessed the plaintiff's demand, and that the second paragraph in the answer should not have been withdrawn. The plea was one of general settlement. Parties often buy their peace and settle claims that are without merit and could not have been enforced in any court. Therefore a plea of a general settlement and payment of all claims and demands does not by implication admit the existence at any time of a specific cause of action against defendant. *Conway v. Wharton,* 13 Minn. 145. Two or more defenses may properly be interposed in an action, provided that they are not inconsistent with one another; and they are not inconsistent unless the proof of one necessarily disproves the other. *Blodgett v. McMurtry,* 39 Neb. 210; *Steenerson v. Waterbury,* 52 Minn. 211; *Rees v. Storms,* 101 Minn. 381; *Gates v. Avery,* 112 Wis. 271. We therefore conclude that the district court did not err in permitting defendant to withdraw said paragraph of his answer.

There are other assignments of error on both the appeal and cross-appeal, but we do not consider that their determination is essential for the future trial of this case.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.