# MINNEAPOLIS THRESHING MACHINE COMPANY v. FRIEDRICH PETERS.[1]

November 25, 1910.

Nos. 16,763—(95).

**Inconsistent defenses to action upon note.**

In an action upon a promissory note, the defenses that there had been a breach of warranty and that the note had been obtained by fraud are not inconsistent.

[1]Reported in 128 N. W. 578.

Action in the district court for Swift county to recover $500 upon a promissory note. The defendant in his answer admitted signing the note, but set up three defenses: (1) Breach of warranty; (2) that the note was obtained by the fraud of the plaintiff, and (3) that the note had been paid. The reply put in issue all these defenses. At the trial the court, Qvale, J., granted plaintiff's motion to require defendant to elect whether he would rely upon the defense of breach of warranty or the defense of fraud in the inception of the contract. Defendant excepted to the ruling and elected to stand upon the defense of fraud. The court directed a verdict in favor of plaintiff for $672. From an order setting aside the verdict and granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*T. J. McElligott* and *Joseph A. Hosp,* for appellant.

*John I. Davis, Thomas E. Davis,* and *Ernest A. Michel,* for spondent.

LEWIS, J.

Action upon a promissory note. Defense, that there had been a breach of warranty, and that the note had been obtained by fraud. At the trial the court required respondent to elect upon which of the two defenses he would stand, and he elected to stand upon the defense that the note had been obtained by fraud. Appellant recovered a verdict. The court then granted a new trial, upon the ground that it had erred in requiring respondent to elect.

Two defenses are consistent, if both may be true, and they are be held inconsistent only when the proof of one necessarily disproves the other. This is the general rule, and has been applied many times in this court. The defenses that there was a breach of warranty and that the note had been obtained by fraud may both be true. The proof of one does not necessarily disprove the other. In this respect the case is similar to First Natl. Bank of Glencoe v. Lincoln, 36 Minn. 132, 30 N. W. 449, where it was held that a general denial and a defense of payment were not inconsistent, and D. M. Osborne & Co. v. Waller, 73 Minn. 52, 75 N. W. 732, where the defense of extension of time and payment were held not inconsistent. Inconsistent defenses are illustrated by the case of Cook v. Finch, 19 Minn.

350 (407), where it was alleged that the contract had been annulled and at the same time it was pleaded that it had been modified. The proof of one defense necessarily disproved the other.

The sufficiency of the defense as pleaded is not before us. Affirmed.