LUTHER L. LARSON, APPELLEE, v. FRED H. SWINGLEY, SPECIAL ADMINISTRATOR, DEFENDANT: DELIA ANDERZHON ET AL., APPELLANTS.

FILED SEPTEMBER 27, 1920. No. 20981.

Witnesses: PRIVILEGED COMMUNICATIONS. Under section 7894, Rev. St. 1913, a person is not incompetent to testify in respect of independent acts performed by him, for or in behalf of a person since deceased, when it appears that he had no conversation with the person since deceased with respect to such acts, and in which the deceased did not participate.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*Carl E. Herring* and *W. K. Hodgkin,* for appellants.

*J. A. Donohoe, contra.*

DEAN, J.

Carl L. Larson died intestate January 3, 1917, leaving four children surviving him, namely, Luther L. Larson, Martin T. Larson, and two married daughters, namely, Delia Anderzhon and Lydia Chambers. The four children were his sole heirs. Luther L. Larson appears here as plaintiff, alleging that he was in partnership with his father for about eight years, and that the partnership owed him $3,116.21 when his father died. Delia, Lydia and Martin appear as defendants, and deny that there was a partnership or that the estate is at all indebted to plaintiff. The court found that there was a partnership, and that $2,372.30 was due plaintiff "from the assets of the copartnership;" that the fund was ample to discharge the debt, and decreed that plaintiff recover $2,372.30 from the estate. All defendants appealed.

From a transcript of the county court proceedings in the Carl Larson estate it appears that Luther L. Larson, plaintiff herein, was appointed administrator, and that subsequently, and while the probate proceedings were pending, Fred H. Swingley was appointed "special administrator" pursuant to the prayer of a joint petition filed in that court by Mrs. Anderzhon, Mrs. Chambers and Luther L. Larson. The petition states generally that Luther L. Larson is administrator of the estate and that Luther and "Carl L. Larson were copartners engaged in the business of farming and stock raising in Holt county, and that  *  *  *  it is to the best interest of the said estate and to all parties interested therein that a full, complete and final accounting and settlement be made of the affairs of said copartnership;" that

the petitioners "are the heirs at law, except one, of the said Carl L. Larson, deceased; * * * that it is necessary that a special administrator be appointed for the purpose of making said final accounting and settlement of said copartnership affairs," etc. The petition concludes with a prayer that Fred H. Swingley be appointed such special administrator, and was signed: "Delia Anderzhon, Lydia Chambers, petitioners, by W. K. Hodgkin, their attorney. Luther L. Larson, petitioner, by J. A. Donohoe, his attorney."

Mr. Hodgkin, counsel for Mrs. Anderzhon and Mrs. Chambers, called by plaintiff, testified in substance that he was present at a meeting at which there were present his clients, the special administrator, Luther L. Larson, and Mr. Donohoe, his counsel. With respect to that meeting Mr. Hodgkin testified: "Q. Now, as a preliminary, or as a foundation for that accounting, did you make any agreement in behalf of your clients? * * * A. Yes; I think there was some understanding in regard to certain matters. Q. Did you make an agreement with reference to the matter of the kind of copartnership that had existed between Luther and his father? A. No; I don't think so. Q. What did you say or admit with reference to that? * * * A. Why, I believe that you (Mr. Donohoe) made some statement yourself as to the relationship between these parties, between Luther and his father, as to the father owning the land and financing the partnership, that Luther put in his time and conducted the partnership affairs largely, and just as to all that you stated—(interrupted) Q. That they were to share equally in the profits and loss? A. I think there was some statement as to that. Q. And to that statement did you on behalf of your clients agree? * * * A. For the purpose of that hearing, yes. Q. Did you, before agreeing, consult your clients with reference to that fact? A. I did."

Several disinterested witnesses testified to statements made by Carl L. Larson that seem to establish the fact that there was a partnership relation between plaintiff

and his father. When the evidence of disinterested wit-
nesses is considered in connection with the statements
in the petition for the appointment of a special adminis-
trator and in view of the evidence generally, we conclude
that the record shows a partnership.

Defendants cite section 7894, Rev. St. 1913, which pro-
vides generally: "No person having a direct legal in-
terest in the result of any civil action or proceeding,
when the adverse party is the representative of a de-
ceased person, shall be permitted to testify to any trans-
action or conversation had between the deceased person
and the witness." The partnership being shown by dis-
interested and competent evidence, we do not think plain-
tiff's testimony comes within the inhibition of section
7894. His testimony had to do solely with matters per-
taining to the carrying on of the partnership business,
and was not with respect to "any transaction or con-
versation had between the deceased person and the wit-
ness." The distinction is pointed out in *Fitch v. Martin*,
83 Neb. 124, wherein it is held generally that a person is
not incompetent to testify in respect of independent acts
performed by him, for or in behalf of a person since
deceased, when it appears that he had no conversation
with the deceased, with respect thereto, and in which
the deceased did not participate. *Scott v. Micek*, 86 Neb.
421. In *Sharmer v. McIntosh*, 43 Neb. 509, it is said:
"Since the amendment of 1883, section 329 of the Code
(Rev. St. 1913, sec. 7894) does not render a party ad-
versely interested to the representative of a deceased per-
son incompetent as a witness in the action, but only ren-
ders his testimony as to transactions and conversations
with the deceased incompetent."

Other alleged assignments of error are discussed,
but upon examination we are unable to find that defend-
ants have been prejudiced in the respects noted by coun-
sel.

The judgment is

AFFIRMED.

ALDRICH, J., not sitting.