LILA WOOST v. GEORGE HERBERGER.[1]

December 30, 1938.

No. 31,733.

*Borchert & Metcalf* and *Dell & Rosengren,* for appellant.
*R. S. Thornton* and *Constant Larson,* for respondent.

STONE, JUSTICE.

This appeal by defendant from an order striking certain portions of his answer as sham presents a single question of law. May defendant in a slander suit plead in defense both a general denial and also the truth of the alleged slanderous statements?

Plaintiff's position is based on the assumed inconsistency of the two defenses. If that were the correct view, which it is not,

[1]Reported in 283 N. W. 121.

the remedy would be by motion to compel an election rather than one to strike. Conway v. Wharton, 13 Minn. 145 (158). Were the rule otherwise, plaintiff, rather than defendant, would have the election as between defenses. In this case, for instance, plaintiff might as well have moved to strike the general denial as the plea in justification.

■ Inasmuch as the merits of the question have been fully argued and decision thereon seems advisable because the case is yet to be tried, we proceed.

The rule of inconsistency, as applied to pleadings, is meeting with increasing disfavor. McAlpine v. Fidelity & Cas. Co. 134 Minn. 192, 158 N. W. 967. Under the new federal rules it is abolished. Rule 8(e)(2). Such an evolution was to be expected under the code system of pleading. Our statute, 2 Mason Minn. St. 1927, § 9255, permits defendant to bring forward by answer "as many defences and counterclaims as he has." And in slander cases defendant has statutory permission "to allege, in his answer, both the truth of the matter charged as defamatory and any circumstances in mitigation of damages." 2 Mason Minn. St. 1927, § 9275.

It is no proof of inconsistency that establishment of one of two defenses makes the other unnecessary. Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Backdahl v. Grand Lodge, 46 Minn. 61, 48 N. W. 454; Rees v. Storms, 101 Minn. 381, 112 N. W. 419. Inconsistency comes in only when proof of one necessarily disproves the other. Minneapolis T. M. Co. v. Peters, 112 Minn. 429, 128 N. W. 578. And then the defenses must be inconsistent in fact.

Applying these tests to this case, there is no trace of real inconsistency. What defendant asserts by his combination of general denial and averment of truth is simply this: "I deny making the statements charged. But, whether I made them or not, the truth is as they make it appear to be." The two should stand, and defendant be permitted to prove either one or both if he has the necessary wherewithal of evidence.

There are cases in support of plaintiff's position, for example, Prewitt v. Wilson, 128 Iowa, 198, 103 N. W. 365. But the trend of authority and, in our view, all the reason of the matter now

support "the rule that the pleas are consistent since both may be true, and that they may be joined in the same answer without objection." Ann. Cas. 1917C, 737-738. See also Cole v. Woodson, 32 Kan. 272, 4 P. 321.

We are advised by counsel, who seem to have given the matter adequate study, that the precise point has not before been presented here. But, so far as any of our decisions have bearing, they have foreshadowed the result now reached. Bank of Glencoe v. Cain, 89 Minn. 473, 95 N. W. 308; McAlpine v. Fidelity & Cas. Co. 134 Minn. 192, 158 N. W. 967; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7580.

It follows that the order under review must be reversed.

So ordered.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.