JOHN BRADFORD *vs.* RICHARD NEILL.

June 20, 1891.

Deceit—Damages.—Several assignments of error, of no general importance, disposed of.

Sale—Warranty—Evidence.—Where there is a written warranty on a sale of personal property, no prior or contemporaneous oral warranty can be shown.

Action brought in the district court for Morrison county, to recover damages for alleged deceit of defendant in a transaction wherein plaintiff delivered to defendant a stallion, giving at the same time the bill of sale recited in the opinion, and received in exchange an assignment of a second mortgage of land in Belle Plaine in Scott county, on which there was then due $586, and $14 in money. The deceit alleged consisted in false representations as to the situation of the mortgaged property with reference to the railway station in Belle

Plaine, as to the character of the buildings, and as to the adequacy of the property as security for both mortgages. In his answer the defendant put in issue the plaintiff's cause of action, and also pleaded a counterclaim for breach of an alleged oral warranty as to the soundness of the horse. At the trial, before *Baxter*, J., the plaintiff had a verdict of $677.23. The defendant appeals from an order refusing a new trial.

*C. A. Lindbergh* and *E. P. Adams*, for appellant.

*Taylor, Calhoun & Rhodes*, for respondent.

GILFILLAN, C. J. The assignment of error, based on an instruction of the court below to the jury, is not well founded, because the exception was not such as to direct the attention of the court to that instruction. The defendant also asked the court to instruct the jury that, if the maker of the note and mortgage was solvent at the time of the trade and thereafter, the plaintiff cannot recover, and the court refused to so instruct. The false representations sued upon were not as to the solvency of the maker of the note, but as to the situation, condition, and sufficiency of the real estate mortgaged as security for the note. The cause of action depended, not on the maker's solvency or insolvency, but on the truth or falsity of the representations as to the mortgaged property. There was evidence to justify a finding that the representations were made, that plaintiff relied on them, and that they were false. That made a cause of action and the right to recover nominal damages at least. If the plaintiff could collect the note, or any part of it, from the maker, that would go to the measure of damages, but would not prevent a cause of action. A note against a solvent man is more valuable, for all the purposes which the holder may have occasion to make of it, by reason of being secured by mortgage on adequate real estate. The request, therefore, went too far, and was properly denied.

As the case was one for the jury, we need refer to only one other of appellant's points. It is that the court erred in excluding evidence offered by him that there was an oral warranty of soundness of the horse he took in exchange for the note and mortgage. There was a written warranty in these words: "I have this day sold and delivered to Richard Neill, of Green Prairie, the bay horse King Bill,

by King Bolt, dam Topsey, by Planet. I do warrant the title and pedigree of this horse to be the same as always represented by myself. Received payment. JOHN BRADFORD." The rule that, when parties reduce a contract to writing, it will be held to state the result of all previous negotiations on the subject, and excluding parol evidence thereof, applies, and this contract must be held to express all the warranty that was agreed upon. The case in no way differs from *Thompson* v. *Libby*, 34 Minn. 374, (26 N. W. Rep. 1.)

Order affirmed.

NOTE. A motion for a reargument of this case was denied July 1, 1891.