AULTMAN, MILLER & Co. *vs.* MICHAEL CLIFFORD.

Submitted on brief by respondent, argued by appellant, Oct. 16, 1893. Reversed Oct. 27, 1893.

55 159
82 250

No. 8399.

**Parol evidence to vary an incomplete written instrument.**

Where a written instrument or order is incomplete, and not purporting on its face to express the whole of the mutual agreement of the parties, parol evidence is admissible to show the oral agreement of the party to whom it is given, which constituted a condition on which the maker of the order gave it, and on which performance on his part was to depend, as that the article ordered should be of a certain quality.

**Performance of an executory contract of sale.**

Where a written order contained the words, "note for one hundred and ten dollars; three fall payments, at eight per cent.," the time of payment is uncertain and ambiguous, and the order incomplete on its face. A delivery of property so as to pass the title to it, and make the transaction an executed contract, should be a delivery of the property corresponding with the order or contract, which is a condition precedent to the vesting of the title in the vendee.

Appeal by defendant, Michael Clifford, from an order of the District Court of Traverse County, *C. L. Brown*, J., made July 30, 1892, granting plaintiff's motion for a new trial after verdict for defendant. The plaintiff is a corporation.

*A. S. Crossfield*, for appellant.

*E. T. Young*, for respondent.

BUCK, J. The plaintiff brought suit against the defendant in the district court for the sum of $110, upon the instrument, of which the following is a copy viz.:

"July 13th, 1891. 'I have this day ordered of Aultman, Miller & Co. one seven-foot Buckeye binder, for which I agree to pay one hundred and forty dollars,—note for one hundred and ten dollars, and his old McCormick binder; three fall payments, at eight per cent. The binder to be delivered on or before July 25th, 1891.'"

Before the last-named date the parties substituted a six-foot binder, with bundle carrier, in the place of the seven-foot binder mentioned in the original order, but upon the same terms. The

defendant refused to execute the notes, for the reason that the binder was not such as plaintiff represented and warranted it to be. In the month of December following, this action was commenced for the full amount of the three notes mentioned in the order. The defendant answered, and alleged that at the time of ordering said machine, and as part of the terms of the contract of said purchase, plaintiff orally represented that it would furnish a binder to be of good material, well made, light draft, and as good as any other machine manufactured for the purpose of cutting and binding grain, and that the binder so to be furnished would in fact cut and bind grain as well as any other machine manufactured for such purpose; and that defendant, relying upon such representations, was thereby induced to give such order.

Upon the trial the evidence fully sustained the contention of the defendant, and the jury so found.

Before submitting the case to the jury, the plaintiff asked the court to instruct the jury to find a verdict for plaintiff, for the reason that the contract of sale in this case was in writing, and contained no warranty, and that, therefore, no oral warranty could be shown to vary the terms of the written contract. The court denied this motion, and the plaintiff excepted. Afterwards the plaintiff moved for a new trial, upon the minutes of the court, and it granted a new trial, holding that this case is controlled by the decisions of this court in the case of *Thompson* v. *Libby*, 34 Minn. 374, (26 N. W. Rep. 1,) and *Kessler* v. *Smith*, 42 Minn. 494, (44 N. W. Rep. 794.)

Nothing in this opinion is to be construed as in any manner trenching upon the rule or doctrine laid down in those cases.

This was an executory instrument. The plaintiff had twelve days in which to furnish the binder, and the notes were to be executed in the future. It does not appear that the binder was in existence at the time the order was given. The defendant had no opportunity to inspect it or test its fitness or capability for doing the work for which he had ordered it. Now, a party receiving an order for a binder for doing a certain kind of work does not fulfill the conditions of the order by furnishing a binder of a different kind, and which will not do the work of the binder ordered.

This is not the case of a binder being present at the time the order

was given, and the seller then warranting the binder to do good work, but a case of an executory instrument, incomplete on its face, and not purporting to give the whole of the mutual executory engagements of the parties.

The term "three fall payments, at eight per cent.," of $110, is uncertain and ambiguous. The term "fall," when applied to the seasons of the year, is defined by Webster to mean "the season when the leaves fall from the trees." If the word "fall," as used in this order, means during the months of September, October, and November, then its ambiguity is apparent, for in such case it would be payable in some of those months; but whether September 1st, or the middle of October, or the last day of November, there is no legal way of determining. The plaintiff might claim that the payments would each be due the 1st day of September of each year, and the defendant with equally as much confidence claim that they would not be due until the last days of November of each year, and this ambiguity lead the parties into that very litigation which the law seeks to avoid, by requiring contracts to be definite and certain, or, in other words, complete contracts in themselves. If there was no time mentioned at all, then it would be understood by the parties to be a cash payment, or that delivery and payment were to be concurrent acts. In the case of *O'Donnell* v. *Leeman*, 43 Me. 158, an instrument of sale provided that the consideration should be one-third cash down, but it was silent as to when the rest should be paid, and it was held to be an incomplete instrument, and that no action could be maintained upon it at law or in equity. In this case there was not that legal delivery or acceptance of the property which passed the title to the defendant. There was an actual physical delivery of the binder to the defendant, and a temporary use of it by him, but he did not receive any substantial benefit from its use, and returned it to the premises of the plaintiff, where it was left, although plaintiff refused to accept it. A delivery of property, so as to pass the title to it and make the transaction an executed contract, should be a delivery of the property corresponding with the order or contract, which is a condition precedent to the vesting of the title in the vendee. 10 Amer. & Eng. Enc. Law, 104, 105. The written instrument or order being incomplete, and not pur-

porting on its face to express the whole of the mutual agreement of the parties, parol evidence was admissible to show an oral agreement on the part of plaintiff, which constituted a condition on which defendant gave the written order, and on which performance on his part was to depend, as that the binder should be of a certain quality. The jury must have found that the plaintiff did not in this respect comply with its parol warranty and representations, and, if not, then there was not such legal delivery and acceptance of the binder by defendant as bound him to retain or pay for it.

The oral evidence respecting the parol warranty was properly admitted, and the court below erred in granting a new trial. For this error the order granting such new trial is reversed.

(Opinion published 56 N. W. Rep. 593.)