ELWOOD S. HAND v. RYAN DRUG COMPANY.[1]

January 28, 1896.

Nos. 9646—(245).

63    539
82    305

**Written Contract—Parol Evidence.**

The rule as to the inadmissibility of parol evidence to contradict or vary the terms of a written instrument is not violated by proving the existence of any separate oral agreement as to any matter on which the instrument is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the instrument to be a complete and final statement of the transaction between them.

**Same.**

The exception above stated to the general rule applied to the instrument involved in this action.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $310. Reversed.

*McLaughlin & Morrison*, for appellant.
*Warren H. Mead*, for respondent.

[1] Reported in 65 N. W. 1081.

COLLINS, J.   The writing signed by defendant corporation, and upon which this action was based, is as follows:

"St. Paul, Minn., Sept. 27th, 1890.

"In consideration of the insertion of an advertisement, to occupy one page, the copy for which is attached hereto, in the book descriptive and illustrative of Endicott and Arcade Buildings, we promise to pay to the order of E. S. Hand two hundred and fifty-five dollars, payable as over, on publication of and the delivery to us of ten copies of same.   It is agreed that the whole agreement between the parties is contained in this contract.

"Ryan Drug Co., J. F. Broderick.
"(Payable as over.)"

Written on back:

"The within-named amount is available as a credit, and is to be deducted from our contract price for glass, other than we have estimated on or contracted for prior to the date hereof, which is to be purchased of us by or in consequence of E. S. Hand's connection with the work in which the glass purchased is used.   In the event of the said contract not being awarded us, we are to be absolutely acquitted of any charge for the advertisement herein provided."

At the trial below a verdict was ordered in plaintiff's favor, the court taking the view that the entire engagement between the parties had been deliberately reduced to writing, in such explicit terms as to import a perfect legal obligation, wholly devoid of uncertainty as to its object or extent, and without incompleteness in any respect.   The rule which forbids the introduction of parol evidence to contradict or vary the contents of a written contract was therefore applied, much stress being laid by the trial court upon the fact that it was expressly stipulated in the writing that the whole contract was contained therein.   On this appeal it seems to be admitted that if the writing is incomplete in its terms, and uncertain as to its object or extent, the court ruled incorrectly, and that it should have been governed by a well-defined exception to the general rule, which exception is that there may be proved "the existence of any separate oral agreement as to any matter

on which a document is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them." Stephen, Dig. Ev. art. 90, subd. 2. The substance of the exception, as formulated in New York, is well stated in Thomas v. Scutt, 127 N. Y. 133, 138, 27 N. E. 961, as follows: "(1) The writing must not appear, upon inspection, to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument."

When we examine that part of the instrument which prescribes the method of payment of the amount named, we find that it was not designed to be available as a general credit upon a purchase of glass; that is, the amount was not to be payable in glass, without limitation or condition. This is very evident, for the words, "payable as over," were twice used on the face of the writing, clearly indicating a special method in which payment was to be made. Yet the practical result of the rulings of the court below was to make the amount payable in glass, precisely as if it had been stipulated that the sum of $255 should be so payable; all sales made on prior estimates, or in fulfilling previously existing contracts, excluded. From the care taken, as shown by the language used, it is certain that this was not contemplated by the parties, and that they intended something more than this simple way of rendering the amount available. It was to be used as a credit, and was to be deducted from "our contract" price for glass to be purchased by reason of plaintiff's connection with the work in which the purchased glass was to be used. Sales of glass on which defendant had already estimated, or contracts already entered into by defendant, were expressly excepted from the operation of this clause of the agreement. And then came the provision that no liability should attach to defendant company on account of the advertisement, "in the event of the said contract" not being awarded to it.

Now, from all of these expressions and references is it not apparent that the parties had in mind and were dealing with reference to some contract for glass to be needed and contracted for in the future, by parties other than the plaintiff, but with whom he should be connected, and, by reason of this connection, in a position to obtain for defendant an opportunity to bid, to submit a contract price, and to secure the award of a contemplated contract,—the amount in controversy to be available as a payment thereon? If this be the proper construction of the written instrument, it was uncertain and incomplete. It did not embrace all of the particulars necessary to make a perfect agreement, and was not designed to express the whole arrangement between the parties. The proposed parol evidence as to what contract was in the minds of the parties, and was intended by them, was consistent with, and not contradictory of, that which was written. The contract referred to in the writing would simply be identified by the parol proof, and in no manner would that proof vary the terms of . the writing.

We are of the opinion that, from all of the circumstances surrounding the execution of the writing involved, it sufficiently appeared that the parties did not intend it to be a final and complete statement of the transaction between them. We have referred to the provision that the whole agreement was contained in the writing, but such language cannot be given the effect claimed for it when it is apparent that the contract is uncertain and incomplete. Whether it is a perfect legal obligation, complete in all of its terms, and certain as to its object and extent, is to be determined from an examination of it as a whole, not from some part of it, or a recital that it is not defective.

Order reversed.