WILLIAM E. POTTER v. J. HAMLET B. EASTON and Others.[1]

82 247
82 305

January 15, 1901.

Nos. 12,300—(200).

### Incomplete Written Contract—Parol Evidence.

Where a writing is incomplete, and it appears upon its face that the parties did not intend it to be a complete statement of the whole contract between them, parol evidence is competent to prove the existence of any separate agreement as to any matter on which the writing is silent, and which is not inconsistent with its terms.

### Rule for Deciding whether Contract Is Incomplete.

In determining whether or not a particular writing is an incomplete contract, within this rule, the controlling question is whether it appears upon the face of the instrument that the parties intended it to be the exclusive evidence of their agreement. It is not necessary, however, that the incompleteness of the writing should appear upon its face from a mere inspection of it; for it is to be construed in the light of its subject-matter, and the circumstances under which and the purpose for which it was executed. Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co., 66 Minn. 156, followed.

[1] Reported in 84 N. W. 1011.

**Sale of Horse—Warranty—Evidence.**

> Rules applied, and *held* that the trial court did not err in this case in admitting evidence of a parol warranty of the soundness of a horse, although the defendants had given a writing to the effect that they had purchased the horse, and agreed to apply one-third of his earnings to the payment of the promissory notes given for his purchase price.

Action in the district court for Olmsted county on promissory notes. The case was tried before Snow, J., and a jury, which rendered a verdict in favor of plaintiff. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Chas. C. Willson*, for appellant.

*H. A. Eckholdt*, for respondents.

START, C. J.

On February 12, 1897, the defendants executed to the plaintiff three promissory notes, for $500 each, due in one, two, and three years, respectively, with interest. There was written on the face of each note these words: "Secured by mortgage on one bay pacing stallion known as Lebbeas I, 2:13¼." As a part of the same transaction they executed to the plaintiff a chattel mortgage to secure the payment of the notes upon "One mahogany bay stallion, known as Lebbeas I (2:13¼ pacing)." They also signed and delivered to the plaintiff a writing in these words: "This is to certify that we have bought the bay stallion known as Lebbeas I (pacing 2:13¼), and given in payment three promissory notes, of $500 each, payable yearly, with interest at 6 per cent. per annum, payable Rochester; and we further agree to apply one-third net of said Lebbeas I's earnings after September 1, 1897, to liquidate said notes."

This is an action upon the notes, to recover an alleged balance of $1,239.20. The answer alleged that the notes were given for the purchase price of the stallion sold by plaintiff to defendants, and that the plaintiff warranted the horse to be sound, but that in fact he was unsound,—had a ringbone and was broken in wind, —and that by reason of such breach of the warranty the defendants had sustained damages in a sum exceeding the amount due on the notes. The reply admitted that the notes were given for

the purchase price of the horse, but denied 'that the plaintiff "made any warranty whatever regarding the horse called 'Lebbeas I.'" On the trial the notes, mortgage, and certificate were offered in evidence by the plaintiff. The defendants gave oral evidence tending to prove that the plaintiff warranted the horse, and that there was a breach thereof, and resulting damages. The evidence was received over the objections and exceptions of the plaintiff, which were to the effect that the contract of sale was in writing, and such oral evidence was incompetent. The plaintiff had a verdict for $150 only, and he appealed from the judgment entered upon the verdict. The correctness of the trial court's ruling upon the admissibility of the oral evidence to prove the warranty is the only question presented by the record for our decision.

The plaintiff contends that the certificate is a complete contract, purporting to state the terms of the purchase of the horse; hence evidence of an oral warranty of the soundness of the horse was incompetent. If the premises of this proposition are correct, the conclusion is necessarily so; for, if the horse was sold with an oral warranty as to his soundness, the warranty was one of the terms of the contract, and not a separate or collateral one. Therefore, if the certificate here in question is complete in itself, and couched in such language as imports a legal contract for the sale of the horse, parol evidence is not admissible to add to the written terms of the contract; for, if such be the correct construction of the writing, it will be conclusively presumed that it contains all of the terms and stipulations of the parties in the transaction. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; Bradford v. Neill, 46 Minn. 347, 49 N. W. 193; Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co., 66 Minn. 156, 68 N. W. 854. But if the writing is manifestly incomplete, and it appears upon its face that the parties did not intend it to be a complete statement of the whole contract between them, parol evidence is competent to prove the existence of any separate agreement as to any matter on which the writing is silent which is not inconsistent with its terms. Boynton F. Co. v. Clark, 42 Minn. 335, 337, 44 N. W. 121; Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Beyerstedt v. Winona Mill

Co., 49 Minn. 1, 8, 51 N. W. 619; Phœnix Pub. Co. v. Riverside Clothing Co., 54 Minn. 205, 55 N. W. 912; Aultman, Miller & Co. v. Clifford, 55 Minn. 159, 56 N. W. 593; Vaughan v. McCarthy, 63 Minn. 221, 65 N. W. 249.

These rules are elementary, but, in their application to particular cases, care is required in distinguishing the cases so as to determine within which rule the particular case falls. In considering whether or not a particular writing is an incomplete contract, within the rule stated, the controlling question is whether it appears upon the face of the writing that the parties intended it to be the exclusive evidence of their agreement. While the writing itself is the only criterion by which the intention of the parties is to be ascertained, yet it is not necessary that the incompleteness of the writing should appear on its face from a mere inspection of it, for it is to be construed in the light of its subject-matter and the circumstances under which and the purposes for which it was executed. Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co., supra.

So construing the certificate or writing here in question, and particularly in connection with the notes and the chattel mortgage, which are a part of the same transaction, it is reasonably clear from the face of the certificate that it was not intended as a contract for the sale of the horse, but that it was intended simply for the purpose of further securing the payment of the notes by a lien on the earnings of the horse. Therefore it is not a complete sale contract on its face, and evidence of the oral warranty was correctly received by the trial court. The writing cannot be read as a present agreement of sale, or as a recital of the terms of a past sale. It contains no stipulations to sell or buy. The seller does not execute it, but the purchasers do; and they recite therein the fact of a past sale, without attempting to state any of its terms, as a consideration for the promise to apply a part of the earnings of the horse to the payment of the notes. If the substance of this certificate had been written into the chattel mortgage, as it might well have been, could it be reasonably claimed, by any fair or permissible construction of the mortgage, that it embodied a complete contract for the sale of the horse?

Clearly not. Now, whether we read the certificate as a part of the mortgage or in connection with it, as a part of the same transaction, it must receive the same construction; and it is clear that it is not a complete contract for the sale of the horse, and, further, that the parties did not intend it to be.

The plaintiff also contends that the certificate, on its face, contains an express warranty that the horse was a stallion, pacing a mile in two minutes $13\frac{1}{4}$ seconds; hence no other warranty can be added by parol. Here, again, the conclusion is correct if the premises are. But they are not. The elementary rule that a contract for the sale of goods and merchandise by description is an implied condition or warranty that the goods correspond with the description (see Benjamin, Sales, 43) has no application to this case, for it is apparent that the description of the stallion in the certificate was for the same purpose that he was described in the mortgage; that is, for the purpose of identification only.

Judgment affirmed.