ANN HACKETT v. FERDINAND G. KANNE.[1]

June 8, 1906.

Nos. 14,749—(147).

**Trespass—Injunction—Disputed Boundary.**

> In an action to enjoin a trespass upon land of the plaintiff, the defendant may plead and prove as a counterclaim that the alleged claim of trespass rests upon a disputed boundary line between the parties, and have the true line determined and established by the judgment of the court.

Appeal by plaintiff from an order of the district court for Waseca county, Buckham, J., overruling a demurrer to the answer. Affirmed.

*John Moonan,* for appellant.

*Francis Cadwell,* for respondent.

LEWIS, J.

Action to enjoin respondent from trespassing upon certain land. The answer admits that appellant is the owner of the real estate

[1] Reported in 107 N. W. 1131.

described in the complaint, and alleges that respondent is the owner of certain other land adjoining the same; that the true and correct boundary line between the lands owned by the respective parties is well known and marked upon the ground; denies that he has in any manner trespassed upon appellant's premises; and, as a counterclaim, alleges that the boundary line between the properties is in dispute; that respondent desires the court, pursuant to the statute, to establish the same, and demands judgment that the boundary line be fixed and established by the court. To this answer appellant interposed a demurrer that the matter set forth in the answer does not constitute a proper subject for a counterclaim.

In order to prove that respondent was a trespasser upon appellant's land, it would be necessary at the trial to determine the true boundary line, and the relief demanded by respondent is in the nature of a counterclaim arising out of the transaction set out in the complaint and connected with the subject-matter of the action. Liberally construed, the statute with respect to counterclaim covers a case of this kind. Respondent might by independent action have the boundary line established, and we discover no reason why affirmative relief may not be granted in this action.

The statute as to counterclaims was liberally construed in Goebel v. Hough, 26 Minn. 252, 2 N. W. 847, an action to recover rent, and the defendant was allowed to plead as a counterclaim the wrongful interference by the landlord with the tenant's possession, on the ground that it was connected with the subject-matter of the action. In the case of Grignon v. Black, 76 Wis. 674, 45 N. W. 122, 938, an action was commenced by a party to prevent another from trespassing upon certain land, and defendant denied ownership in plaintiff and claimed it in himself, and demanded that title be adjudged in him.

Upon demurrer the answer was sustained upon the principle that the relief demanded was connected with the subject of the action.

Order affirmed.