## PETER McNAUGHTON v. T. W. WAHL.[1]

July 27, 1906.

Nos. 14,791—(193).

**Appeal from Municipal Court.**

Quære: Does an appeal lie from the municipal court of Duluth to this court?

**Sale—Warranty.**

On the sale of personal property a warranty of its quality is not a separate and independent contract, but one of the terms of the contract of sale.

**Same—Parol Evidence.**

Where, in the absence of fraud or mistake, the written contract for the sale of personal property is complete in itself, but silent upon the subject of warranty, oral evidence is not admissible to show such warranty.

**Same—Bill of Sale.**

The written bill of sale in this case is a complete legal obligation and must be presumed to contain all the terms of the sale, and oral evidence of a warranty as to the quality and condition of the personal property sold was not competent, and the trial court erred in receiving it.

---

[1] Reported in 108 N. W. 467.

Appeal by defendant from a judgment of the municipal court of Duluth, Cutting, J. Reversed and new trial granted.

*H. B. Fryberger,* for appellant.

*A. E. McManus,* for respondent.

START, C. J

This is an appeal from a judgment of the municipal court of the city of Duluth. Neither party raised the question whether a direct appeal lies from that court to this court. The question is an important and doubtful one, and we do not deem it advisable at this time to raise and decide it on our own motion without the aid of argument by counsel.

The action was brought to recover damages for a breach of warranty on the sale of a churn drill outfit. The complaint for the first cause of action alleged the sale, representation, and warranty as to the condition and quality of the drill, breach thereof, and general damages in the sum of $400; and as a second cause of action that the plaintiff in reliance upon the warranty and representations as to the condition and quality of the drill, incurred expense in causing it to be overhauled and examined, and railroad fare and wages of the men, in the sum of $90. There is, as plaintiff's counsel conceded, "not a single allegation of fraud in the complaint." The answer admitted the sale and put in issue the other allegations of the complaint. The jury returned a verdict for the full amount claimed on the first cause of action, and for $25 on the second one. Judgment was entered on the verdict from which the defendant appealed.

The first alleged error urged by the defendant is that the trial court erred in receiving oral evidence of a warranty over his objections and exceptions for the reason that the contract of sale was in writing. The bill of sale is in these words:

> Know all men by these presents, that T. W. Wahl of the county of St. Louis, state of Minnesota, party of the first part, in consideration of the sum of four hundred dollars to him in hand paid by Peter McNaughton, of the county of St. Louis and state of Minnesota, party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell,

and convey unto the said party of the second part, his executors, administrators, and assigns, forever, the following described goods, chattels, and personal property, to wit: Churn drill outfit located at Croxton mine, St. Louis county, Minn.

To have and to hold the same unto the said party of the second part, his executors, administrators, and assigns, forever. And the said party of the first part, for himself, his heirs, executors, and administrators, covenants and agrees to and with the said party of the second part, his executors, administrators, and assigns to warrant and defend the sale of the said goods, chattels, and personal property hereby made unto the said party of the second part, his executors, administrators and assigns, against all and every person or persons whomsoever, lawfully claiming or to claim the same.

In testimony whereof the said party of the first part has hereunto set his hand and seal this 27th day of November, A. D. 1905.                            T. W. Wahl.   [Seal.]

Signed, sealed, and delivered
in presence of
H. C. Fulton,
Wm. F. Moore.

It was duly acknowledged. After it appeared on the trial that this bill of sale was executed and delivered, the plaintiff gave oral testimony tending to prove his alleged warranty and a breach of it. The evidence was duly objected to by the defendant, but it was received over his objections and exceptions.

The first alleged reason urged by the plaintiff why the evidence was properly received is that the bill of sale was "executed by defendant and delivered to plaintiff after the purchase price had been paid, and was executed by defendant only, and never seen by plaintiff until the transaction was completed." The record does not support the claim, and the reason urged is not valid. The agent of the plaintiff who negotiated the purchase of the drill for him and was called as a witness for him testified as to representations made by the defendant as to the condition of the drill and further as follows:

He said he would take $400. I said that was all right, I would take it. I would take his word for it and guaranty that it was all right. He said it was. I told him to make out the bill of sale and I would get a check, so I brought over a $400 check to the office. He was not there, but his clerk handed me the bill of sale, and I handed him the check for $400. He also gave me a letter from Mr. Sellwood.

The letter was an order for the delivery of the property to the plaintiff. This shows that the payment of the purchase price and the delivery and acceptance of bill of sale were a part of the same transaction, and the consummation of the sale and purchase.

It is further insisted by the plaintiff that the bill of sale was merely given in part performance of the contract of the parties, that it is incomplete, and does not purport to contain any contract as to the warranty of the condition or quality of the drill, hence, evidence tending to show an oral warranty was properly received.

The cases of Healy v. Young, 21 Minn. 389, and Germania Bank v. Osborne, 81 Minn. 272, 83 N. W. 1084, are cited in support of this claim. Neither of them is here in point.

The first one cited was an action to recover rent for personal property, a newspaper plant, upon a written lease thereof. One of the defenses was that subsequent to the execution of the lease the defendant purchased the plant and paid $1,500, and further that in consideration of such purchase and payment by the defendant of the $1,500 the plaintiff released all claims growing out of the lease. To prove this defense, the defendant introduced the bill of sale for the plant in evidence, and then offered parol evidence of the agreement to release the rent in consideration of such purchase. It was held that the agreement related to a different subject-matter from that covered by the bill of sale, and therefore that parol evidence of such agreement did not tend to contradict, add to, or vary the terms of the bill of sale, and, further, that it was admissible. Or, in other words, the agreement as to the rent was a distinct collateral matter from that covered by the bill of sale; hence it necessarily followed that it could be proven by parol evidence.

The second case relied on was an action on a promissory note. The answer alleged as a defense and counterclaim that the note was given in payment of certain shares of stock under an agreement that the plaintiff would repurchase the stock by returning the note whenever the defendant desired to return or resell it, that he had offered to return the stock, and demanded the note. It was held, following Healy v. Young, that parol evidence to prove the agreement as to the repurchase of stock was admissible.

Now, it is clear that these cases are not relevant to the question here under consideration, and that the oral evidence of the warranty in this case was not admissible, unless an oral warranty on the sale of personal property is a separate and independent collateral contract. The settled law of this state is that on the sale of personal property a warranty of its quality is not a separate and independent contract, but one of the terms of the contract of sale, and further that where in the absence of fraud or mistake, the written contract of sale, that is, the bill of sale, is complete in itself, but silent upon the subject of warranty, oral evidence is not admissible to show such warranty. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co., 66 Minn. 156, 68 N. W. 854; 2 Page, Cont., § 1225. As examples of incomplete written memorandums or contracts within the rule, see the cases of Beyerstedt v. Winona Mill Co., 49 Minn. 1, 51 N. W. 619, and Potter v. Easton, 82 Minn. 247, 84 N. W. 1011. A mere inspection of the bill of sale in this case discloses that it imports a complete legal obligation, and it must be presumed to contain all the terms of the contract of sale; hence, oral evidence of a warranty as to the quality or condition of the drill was not competent. The bill of sale contained a written warranty of title to the drill. This by necessary implication excluded any warranty of its quality. Bradford v. Neill, 46 Minn. 347, 49 N. W. 193.

The trial court erred in receiving the parol evidence of warranty, and a new trial of the action must be granted for this reason. In reference to such trial we deem it proper to say that the alleged expense incurred by the plaintiff in causing the drill to be overhauled and examined after the sale is not a proper item of damages in an action for the breach of an alleged warranty of the quality of the drill. It is too remote, and could not have been within contemplation of the

parties.   What the rule would be in an action to recover damages for false and fraudulent representations we do not assume to decide.

Judgment reversed and new trial granted.