## FANNIE D. GRANT v. JOHN E. KING.[1]

February 2, 1912.

Nos. 17,254—(76).

**Parol evidence to vary writing.**

The test of the completeness of a written contract is the writing itself, and parol evidence to show that it is incomplete is not competent.

**Same — contract implied by law.**

The terms and conditions of a written contract implied by law are no more subject to variation by parol evidence than its express terms

**Construction of contract.**

A writing, referred to in the opinion, relating to the pledge of two dia-

[1]Reported in 134 N. W. 291.

mond rings to secure plaintiff's note to defendant, construed, and *held* to be a complete contract on its face, and that parol evidence was not competent to show that the rings were also pledged to secure the debt of a third party.

Action in the municipal court of St. Paul to recover possession of certain rings or $445, the value thereof, and for $20.40 for the detention of the rings. The case was tried before Hanft, J., who made findings and as conclusions of law found that plaintiff was entitled to the rings or $445, their value. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*F. M. Catlin,* for appellant.

*Essie W. Williams,* for respondent.

START, C. J.

This action was brought in the municipal court of the city of St. Paul to recover from the defendant the possession of two diamond rings, or their value, $445, in case a recovery of the possession thereof could not be had.

The complaint alleged that the plaintiff was the owner of the rings, and their value; that she delivered them to the defendant to secure the payment of a loan of $105, for which she executed to the defendant her promissory note; that at the maturity of the note she duly tendered to the defendant the amount due on the note and demanded the return of the rings; that the defendant refused to deliver them, and she deposited the amount due on the note with the clerk of the court, subject to the order of the court.

The answer was to the effect that the rings were delivered to the defendant pursuant to the agreement of the parties that, in consideration of a loan by the defendant to the plaintiff in the sum of $105, with which to redeem the rings which were then pledged to a pawnbroker, they should be delivered to him to secure the payment, not only of her note, but also the sum of $120, then due from her husband to the defendant, and that this debt had not been paid.

The reply denied the alleged agreement that the rings were pledged to secure the husband's debt.

The cause was tried by the court without a jury, and facts were found substantially as alleged in the complaint. As a conclusion of law judgment was directed for the plaintiff, and that the amount of the tender be paid to the defendant upon his demand. The defendant appealed from an order denying his motion for a new trial.

The assignments of error raise the sole question whether the trial court erred in excluding parol evidence tending to show the alleged agreement that the rings were delivered to the defendant to secure the payment of the husband's debt, in consideration of the loan made to the plaintiff.

It appears from the record without substantial controversy that, at the time of and as a part of the transaction whereby the defendant loaned to the plaintiff $105 and she delivered the rings to him, he personally prepared two written instruments, which were signed and delivered by the respective parties as follows:

"St. Paul, Minn., Jan. 5th, 1909.
"$105.00.

"On or before six mos. after date, I promise to pay to the order of John E. King, one hundred five dollars, at 519 Pioneer Press Bldg., St. Paul.

"Value received, with interest at 6 per cent per annum.
"Mrs. B. L. Grant."

"Jan. 5, 1909.

"Rec'd from Mrs. B. L. Grant a promissory note for value rec'd for one hundred and five (105) dollars, payable on or before six months from date hereof, and secured by two rings left in my possession. It is understood I am not responsible for same in case of loss by robbery or fire.
"John E. King."

Thereupon the note and the pawnbroker's receipt for the rings were delivered to the defendant, and his receipt for the rings to the plaintiff.

The defendant offered to show by parol evidence the alleged agreement that the rings were also delivered to him to secure the husband's debt. This offer was objected to by the plaintiff, on the ground that the evidence tended to show an agreement void under the statute of frauds, and also on the ground that it tended to vary materially the written contract between the parties. The court sustained the objection and excluded the evidence, to which ruling the defendant excepted.

If either of the objections was good, the ruling was correct. The note and the receipt are parts of one entire transaction, and they are to be construed as such, and if complete on their face the offered evidence was not competent. If it appears upon the face of a written instrument that the parties did not intend it to be a complete statement of their whole contract, parol evidence is competent to prove a separate agreement as to any matter in which the writing is silent, which is not inconsistent with its terms. The test of completeness of a written contract is the writing itself, and parol evidence to show that the written contract is incomplete is not competent. Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 68 N. W. 854; Potter v. Easton, 82 Minn. 247, 84 N. W. 1011.

There is no doubt as to the correctness of these general rules, but some confusion has arisen in their application to particular cases by a failure to give full effect to the rule that the incompleteness of the written contract cannot be shown by parol evidence, thereby in effect abrogating the parol evidence rule. The defendant here urges that the contract in question is incomplete on its face, in that the subject-matter of the contract was the redemption of the rings of which nothing is said in the writing. It is obvious that the writing affords no basis for this claim, for the subject-matter of the contract was the bailment of the rings, and the law implies an obligation on the part of the bailee to return them to the plaintiff upon the performance of the condition upon which they were delivered to him. The terms and conditions of a written contract implied by law are no more subject to variation by parol evidence than the express terms of a contract. Dunnell, Minn. Digest, § 3386.

The contract in question, read in connection with the legal implication arising from its express terms, is neither uncertain nor incomplete on its face. It is a clear and complete contract, whereby the plaintiff obligated herself to pay the $105, with interest, within the time limited, and to permit the defendant to have possession of the rings to secure such payment. The defendant on his part obligated himself to return the rings to the plaintiff upon making such payment, the condition of the bailment, subject only to the express stipulation that he would not be responsible for the rings in the case of their loss by robbery or by fire.

It is clear that to permit the defendant to show by parol evidence a further condition of the bailment, to the effect that the rings were also to be held as security for the payment of the husband's debt, would be a palpable violation both of the letter and spirit of the parol evidence rule. The defendant's offer of parol evidence, reduced to its lowest terms, was simply an offer to show another condition, agreed on at the time the contract was made, qualifying the terms of such contract. Such being the case, the offered evidence was not admissible for the purpose of showing the consideration or inducement upon which the defendant loaned the $105 to the plaintiff, or for any other purpose. Wemple v. Knopf, 15 Minn. 355, (440) 2 Am. Rep. 147; Kessler v. Smith, 42 Minn. 494, 44 N. W. 794; Bruns v. Schreiber, 43 Minn. 468, 45 N. W. 861; Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; McNaughton v. Wahl, 99 Minn. 92, 108 N. W. 467, 116 Am. St. 389; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492.

It follows that the trial court, for the reasons we have stated, did not err in sustaining plaintiff's objection to the offered evidence. Whether the proposed evidence tended to show only a contract void within the statute of frauds, we have not considered.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.