JOHN McLOONE and Another v. CHARLES J. H. BRUSCH.[1]

November 1, 1912.

Nos. 17,818—(138).

**Written contract — parol evidence admissible.**

The written executory order for the shipment of goods to defendant, set out in the opinion, held not on its face a complete expression of the contract between the parties, and that evidence of a contemporaneous parol warranty of the goods was admissible. Aultman, Miller & Co. v. Clifford, 55 Minn. 159; Phœnix Pub. Co. v. Riverside Clothing Co. 54 Minn. 205; and Boynton Furnace Co. v. Clark, 42 Minn. 335, followed and applied.

Action in the district court for Waseca county to recover $145.75, the balance due upon the price of a corn husker, and freight thereon from the factory to Waseca. At the trial, the parties stipulated in open court that, if oral testimony was admissible to establish the allegations of the answer relative to terms of purchase not set forth in

1 Reported in 138 N. W. 35.

the written order set out in the opinion, then the defendant was to have a verdict directed in his favor; if not, then the plaintiffs were to have a verdict directed in their favor for the amount demanded. The trial court, Childress, J., held such evidence admissible and directed a verdict in favor of defendant. From an order denying plaintiffs' motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Affirmed.

*Moonan & Moonan,* for appellants.

*F. B. Andrews* and *F. W. Senn,* for respondent.

BROWN, J.

Action to recover the purchase price of a corn shredder, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial.

The action was founded upon an instrument in the following language, namely:

"Waseca, Minn. Oct. 14, 1910.

"The undersigned orders of McLoone, Priebe & Company of Waseca: One two-roll Adams Corn Shredder, complete with cutter head, for the sum of one hundred sixty dollars ($160.00), terms thirty (30) days, this shredder to be f. o. b. factory.

"Charles J. H. Brusch."

Defendant interposed in defense an oral warranty of the soundness of the shredder, made at the time the order therefor was given, a breach thereof and resulting damages. When the cause came on for trial in the court below the parties entered into a stipulation to the effect that, if evidence of the alleged parol warranty was admissible, over plaintiff's objection that it would vary and add to the written contract, a verdict should be by the court directed in defendant's favor; and that if such evidence was held inadmissible a verdict should be directed for plaintiff for the purchase price of the machine. The trial court held the evidence admissible and, in harmony with the stipulation, directed a verdict for defendant. Plaintiff appealed from an order denying a new trial.

The only question presented on this appeal is the correctness of the ruling of the trial court under the stipulation. In other words, whether the order, set out in full above, is a complete contract between the parties to which the rule excluding parol evidence modifying or adding to its provisions applies.

The question is not, from the standpoint of previous decisions of the court, entirely free from doubt. Within the rule applied in Wemple v. Knopf, 15 Minn. 355 (440); Kessler v. Smith, 42 Minn. 494, 44 N. W. 794; and American Mnfg. Co. v. Klarquist, 47 Minn. 344, 50 N. W. 243, the evidence would be inadmissible. In each of those cases the court had before it a written order for the shipment of the goods, which was either formally accepted in writing or by the shipment of the property ordered, and it was held that the order constituted a complete contract which could not be added to by parol. On the other hand, in Boynton Furnace Co. v. Clark, 42 Minn. 335, 44 N. W. 121; Phoenix Pub. Co. v. Riverside Clothing Co. 54 Minn. 205, 55 N. W. 912; Aultman, Miller & Co. v. Clifford, 55 Minn. 159, :56 N. W. 593; Potter v. Easton, 82 Minn. 247, 84 N. W. 1011; Hand v. Ryan Drug Co. 63 Minn. 539, 65 N. W. 1081, a parol modification was permitted. The first three of the cases just referred to involved an order for goods for all practical purposes identical with the order in the case at bar, and it was held that the orders were not complete upon their face and a parol warranty was admitted. The other two citations involved the same question, and parol evidence in modification was held properly admitted by the trial court. No attempt has been made to distinguish the cases referred to, and we make no effort in that direction at this time. We follow and apply the rule of the later decisions, and hold, in the language of the Chief Justice in Potter v. Easton, supra, that it is manifest that the parties did not intend the order in question as a complete expression of their contract, and evidence of the parol warranty was admissible. Of course the negotiations, facts and circumstances surrounding the giving of an order of this kind might lead to the conclusion that the whole contract was intended by the parties to be expressed in the order. But

the negotiations leading up to this order are not disclosed by the record; the evidence, if any was taken on the trial below, is not returned.

Order affirmed.