GEORGE A. FRENCH and Another v. GEORGE E. YALE.[1]

December 19, 1913.

Nos. 18,021—(40).

**Sale — parol evidence to prove condition of written contract.**

Writing executed by the parties in connection with the sale of a piano, *held* neither such a complete contract of sale nor to sufficiently recite the terms of a past sale, so as to preclude the purchaser from proving by parol evidence a condition attaching to the sale, not embodied in the writing, entitling him to return the property if not satisfactory.

Action in the municipal court of Duluth to recover a balance of $125. The facts are stated in the opinion. The case was tried before Windom, J., who granted plaintiffs' motion to direct a verdict in their favor. From the judgment entered pursuant to the verdict, defendant appealed to the district court for that county, where the judgment was affirmed by Ensign, Cant and Dancer, JJ. From the order of the district court, defendant appealed. Reversed.

*J. B. Arnold* and *Arnold & Arnold,* for appellant.

*E. J. Kenny,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendant from an order of the district court of St. Louis county, affirming a judgment of the municipal court of Duluth.

Plaintiffs were dealers in musical instruments. After oral negotiations between the parties concerning the purchase of a Conover player-piano, on November 19, 1910, both executed a writing wherein defendant first promised to pay plaintiffs $800, in instalments, specified both as to amount and time, with interest at five per cent from date; and then the writing proceeded: "The consideration of this contract is the right of possession of one Conover player, style P. C. Mah. No. 126,542 and stool and scarf given me by said French & Bassett, upon the express condition that the title and ownership of

1 Reported in 144 N W. 451.

said instrument shall not pass under such delivery or this contract or transaction until the whole of said debt and purchase price are fully paid with interest as aforesaid, and that the giving of renewal contracts or payments thereon shall not divest such title." Then followed an agreement on defendant's part to keep the instrument insured against loss by fire for plaintiffs' protection, and also a provision that in case of default in payments or interest or abuse or attempted sale, incumbrance, or removal from defendant's residence without plaintiffs' written consent, or if possession be parted with without such consent, plaintiffs might declare the contract and debt due, and bring suit for the unpaid balance or take possession of the property and sell the same, the proceeds, however, to be applied first to the expense of the taking and sale, and the balance upon the contract, the surplus, if any, to be returned to defendant, but, if the amount received was insufficient to pay the contract, defendant to be liable for the unpaid balance, which should then be considered due. The writing was headed as follows: "French & Bassett will not be responsible for any written or verbal agreement or promises relative to this contract other than contained on the face hereof."

Plaintiffs forthwith delivered the property specified to defendant, and default thereafter occurring in payments this action followed. Plaintiffs' contention on the trial was that the sale was subject only to conditions stated in the writing, while defendant insisted the actual agreement was that he should take the instrument on trial and keep it, providing it was satisfactory, but otherwise could return it at his option. The latter claim was pleaded, and further that upon trial the piano did not play well, proved unsatisfactory, and defendant shortly after its delivery attempted its return, but plaintiffs refused acceptance. Sufficient showing was made to make these questions for the jury, if oral evidence was competent to establish the agreement claimed outside the writing.

The sole question involved then is: Had defendant a right to prove the agreement alleged by parol evidence, as a condition attaching to the sale? We answer affirmatively. The writing is not a complete contract of sale, nor does it sufficiently recite the terms of a past sale, so as to prevent the application of the well-settled excep-

tion to the general rule excluding oral evidence to contradict or vary the contents of a written contract, namely: That it is competent to prove "the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole transaction between them." Hand v. Ryan Drug Co. 63 Minn. 539, 65 N. W. 1081. See also McLoone v. Brusch, 119 Minn. 287, 138 N. W. 35.

The document in question, while signed by both parties, contains no stipulation on plaintiffs' part, except as to the disposition of the proceeds of a sale of property therein described in event of foreclosure; says nothing concerning a sale or purchase, fails to state a price, and refers merely to the right of possession of certain described property, such right being "given" defendant by plaintiffs. The writing was evidently executed in part performance of a prior contract, a part only of which has been reduced to writing, and while so much of it as is embodied therein is conclusive as against modification or addition by parol, defendant had the right to prove the other part of the transaction. It is quite like the instruments considered in Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125, and nothing further need be added to what is there stated.

Judgment reversed. Because of delay in printing the record, no statutory costs will be allowed in this court.