# W. W. KIMBALL COMPANY v. C. H. MASSEY.[1]

July 17, 1914.

Nos. 18,680—(212).

**Counterclaim.**

  - 1. Plaintiff replevied a piano in defendant's possession under a conditional contract of purchase. The defendant answered setting up, as a counterclaim, a warranty of the piano by the seller; a breach of the warranty; notice thereof to the seller; a neglect to make it conform to the warranty; payment of a certain amount on the purchase price; a readiness to return the piano, upon being repaid this amount, and demanding judgment therefor. He did not ask for a return of the piano. *Held,* that the answer stated a cause of action, and that such cause of action was a proper counterclaim.

**Warranty — evidence.**

  2. The court did not err in receiving oral testimony of a warranty, the contract of purchase being substantially like the one considered and *held* not to preclude such evidence in French v. Yale, 124 Minn. 63, 144 N. W. 451.

Action in the district court for Wright county to recover a piano or $250, the value thereof. The case was tried before Giddings, J., and a jury which returned a verdict for $116 in favor of defendant. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Reed & Swift* and *Stephen A. Johnson,* for appellant.

*Latham & Pigeon,* for respondent.

HOLT, J.

Plaintiff replevied a piano which defendant had agreed to buy. Defendant did not ask for a return, but counterclaimed to recover back the instalments paid on the ground that the piano was not as warranted. Another counterclaim was also pleaded, but need not be mentioned since no evidence was received thereon. The defendant

[1] Reported in 148 N. W. 307.

recovered what had been paid. Plaintiff appeals from the judgment.

No motion for a new trial appears to have been made, hence no error assigned upon the charge of the court can be considered. Neither is the sufficiency of the evidence to sustain the verdict challenged by any of the assignments of error. The questions upon this appeal are therefore narrowed down to two: (1) Did defendant's first counterclaim state a cause of action? and (2) did the court err in overruling plaintiff's objection to the introduction of oral evidence of a warranty?

This being an appeal from a judgment, the order overruling plaintiff's demurrer to the counterclaim may be reviewed, since under the present statute there is no appeal from such order. If the cause of action pleaded in the answer was not a proper subject of counterclaim in this action, the objection could be raised only by demurrer. If the so-called counterclaim did not state facts sufficient to constitute a cause of action, plaintiff could, by objecting to the introduction of evidence upon the trial, protect its rights without demurring. This was also done. The piano was in defendant's possession. Plaintiff held his contract securing the payment of the purchase price thereof. He had made certain payments, but alleges that he refused to make others because plaintiff failed to make good a warranty made when the instrument was sold, and also that he was all the time ready and willing to return the piano, or rescind, if he was paid back what he had paid in reliance on the warranty. We think the counterclaim was connected with the subject of the action under subd. 1 of section 7757, G. S. 1913. The sale was conditional and executory, and upon a breach by one the other was entitled to rescind. If defendant was justified in rescinding for the breach of warranty, he was entitled to a return of the instalments paid. That was all he asked by the counterclaim. The defendant did not seek to retain the possession, nor ask for the return of the piano. The provision that a counterclaim is proper when it is "connected with the subject of the action" should receive a liberal construction. Goebel v. Hough, 26 Minn. 252, 2 N. W. 847; Hackett v. Kanne, 98 Minn. 240, 107 N. W. 1131; Wild Rice Lumber Co. v. Benson, 114

Minn. 92, 130 N. W. 1. That a similar counterclaim may be interposed in replevin, under a statute substantially like ours, was held in Aultman Co. v. McDonough, 110 Wis. 263, 85 N. W. 980. The plaintiff's demurrer to the first counterclaim was properly overruled. Likewise its objection to the introduction of any evidence on the ground that the counterclaim did not state facts to constitute a cause of action against plaintiff. The point here seems to be that there could be no rescission, so as to entitle defendant to sue and recover what he paid, unless he first returned, or offered to return, the piano, and there is no allegation to that effect. The answer alleged that the piano was sold upon a warranty; that it failed; that defendant notified plaintiff of this failure; that plaintiff has neglected to make it fulfil the warranty; that defendant has paid certain instalments, and that he is willing and ready to return the piano upon being paid back these instalments paid. We think this states a cause of action. The piano was delivered to defendant under a conditional contract of purchase. The title had not passed. When defendant ascertained that it was not as warranted, and plaintiff neglected to make it good, after being notified of the defect, defendant was not obliged to incur the expense of returning it, unless there was an agreement to that effect. McCormick H. M. Co. v. Chesrown, 33 Minn. 32, 21 N. W. 846; Mulcahy v. Dieudonne, 103 Minn. 352, 115 N. W. 636; McCormick Harvesting Mach. Co. v. Cochran, 64 Mich. 636, 31 N. W. 561; Exhaust Ventilator Co. v. Chicago, M. & St. P. Ry. Co. 69 Wis. 454, 34 N. W. 509.

Plaintiff objected to the oral warranty on the ground that the contract was in writing. It introduced a writing signed by defendant which starts out by a statement that the company "is not responsible for any agreement or promise other than written or printed on the face" thereof, then comes a promissory note payable in instalments followed by a number of conditions and agreements binding upon defendant alone and it ends thus: "This agreement shall not be binding on the Cummack Piano Co. (the proposed seller) until accepted by said company." Nothing in the contract showed an acceptance by the company. This was perhaps not necessary, since acceptance may be inferred from the delivery of the piano.

The contract considered in French v. Yale, 124 Minn. 63, 144 N. W. 451, is in all essential features like the one before us, except that no reference was therein made to a conditional sale, or to any agreement of sale having been made. This however is not considered a substantial difference. The whole contract here, like the one there involved, seems to be intended for no other purpose than security. It contains no agreement on the part of the seller. Under the decision just cited and others, in this court, like Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Aultman, Miller & Co. v. Clifford, 55 Minn. 159, 56 N. W. 593, 43 Am. St. 478; Hand v. Ryan Drug Co. 63 Minn. 539, 65 N. W. 1081; Potter v. Easton, 82 Minn. 247, 84 N. W. 1011, and McLoone v. Brusch, 119 Minn. 286, 138 N. W. 35, the court did not err in receiving oral testimony of the warranty alleged.

The judgment is affirmed.