VIRGINIA & RAINY LAKE COMPANY AND ANOTHER v. JOHN HELMER.[1]

April 26, 1918.

No. 20,785.

Evidence — parol evidence to contradict written contract inadmissible.

1. The rule that parol evidence is inadmissible to vary, contradict or add to a written contract followed and applied.

Same — exception to above rule inapplicable here — case distinguished.

2. The exception to the rule by which an independent and distinct agreement may be thus shown *held* inapplicable to the facts, distinguishing Healy v. Young, 21 Minn. 389, and other similar cases.

Action in the district court for St. Louis county to recover $3,000 upon a promissory note. The facts are stated in the opinion. The case was tried before Cant, J., who directed a verdict in favor of plaintiff for $3,956.25. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Alford & Hunt* and *H. H. Phelps,* for appellant.

*William B. Phelps* and *Washburn, Bailey & Mitchell,* for respondents.

BROWN, C. J.

Plaintiff, through its agents and servants, trespassed upon and cut and removed the timber standing on land owned by a Mrs. Higgins for which

[1]Reported in 167 N. W. 355.

she claimed damages and compensation.  She committed the settlement of her claim to defendant in this action, who is her brother.  In pursuance of the authority thus conferred upon him defendant took the matter up with plaintiff's manager, and subsequent negotiations between the parties resulted in a full settlement and adjustment of the claim. Acknowledgment was made by plaintiff of the error of its agents in cutting and removing the timber from the Higgins land, and the value thereof was mutually agreed upon at $3,300.  In payment and discharge thereof it was agreed that plaintiff convey to defendant the standing timber upon certain of its lands, defendant to pay to plaintiff the value thereof over and above the amount agreed upon for the trespass, which was fixed at $3,500.  In completion of the settlement plaintiff, by the usual timber deed, conveyed its timber to defendant, and defendant in turn made and delivered to plaintiff his two promissory notes for the excess value, one for $500, and one for $3,000, whereupon Mrs. Higgins executed and delievered to plaintiff a formal release and satisfaction.  The various documents are free from ambiguity and couched in such language as imports a complete legal obligation;  they bear different dates, but were all executed and delivered in consummation of the one transaction.  The release was signed and delivered on March 8, 1911.  Defendant took possession of the lands covered by the timber deed and commenced to cut and prepare the timber for market but for reasons presently to be mentioned was unable to remove the same from the land.  He paid the note for $500, but refused to pay the other, or $3,000 note.  In this action to recover upon that note he interposed in defense of his refusal to pay the same, and as a counterclaim for damages, an alleged agreement of plaintiff to procure a certain logging railroad company, whose line extended into the neighborhood of the timber lands, to transport the timber to market when cut and ready for shipment;  that plaintiff failed and neglected to fulfil the agreement and did not procure the railroad company to haul the timber;  that the company refused to do so, in consequence of which defendant was unable to get the timber to the market, or otherwise dispose of it, and was damaged in the sum of $25,000.  The reply put the allegations of the answer in issue by a general denial.

On the trial of the cause the court excluded all evidence tendered by

defendant tending to prove the alleged agreement of plaintiff to procure the necessary transportation facilities, on the ground that if received it would vary and add to the contract of settlement, which was in writing and evidenced by the documents heretofore referred to, and upon the conclusion of the trial directed a verdict for plaintiff. On this appeal from an order denying a new trial defendant presents the single question whether the exclusion of the evidence was error.

The general rule that parol evidence is not admissible to vary, contradict or enlarge the terms of an unambiguous written contract is not questioned. The contention of defendant is that the facts bring the case within the well defined exception to the rule as applied in Healy v. Young, 21 Minn. 389, where it was held that parol evidence is admissible in such cases where it tends to establish a distinct and independent agreement not intended by the parties to be embraced in the written contract. This is a well recognized exception to the general rule stated (3 Jones, Evidence, § 344), and has been followed and applied in later cases. 1 Dunnell, Minn. Dig. § 3393. But it applies only where the agreement sought to be shown by parol is distinct and independent and in no essential view an element of the principal contract. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; King v. Merriman, 38 Minn. 47, 35 N. W. 570; McNaughton v. Wahl, 99 Minn. 92, 108 N. W. 467, 116 Am. St. 389; Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co. 66 Minn. 156, 68 N. W. 854; Evans v. Northern Pacific Ry. Co. 117 Minn. 4, 134 N. W. 294; Grant v. King, 117 Minn. 54, 134 N. W. 291; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048. It has no proper application to the case at bar. Here the agreement sought to be shown clearly was a part and parcel of the principal contract, and one of the elements that induced and brought it about. The subject matter of the negotiations between the parties was the trespass upon the land of Mrs. Higgins and her claim to compensation therefor. That was what brought the parties together, and that was what they compromised and adjusted in the manner heretofore stated. Plaintiff in settlement tendered a deed of the timber upon its land, conditioned on the payment to it of the excess value. The tender was accepted and the writings were prepared and executed accordingly. Defendant now claims, and herein rests his whole defense and counterclaim, that the offer of the timber on

plaintiff's land was accepted in settlement in consideration of plaintiff's further agreement to procure the logging road to haul the timber to market. Clearly this special undertaking was a material element of the settlement and of the contract evidenced by the deed, the promissory notes, and the formal release.

Defendant is in error in treating the transaction as one for the sale of the timber to him—a transaction distinct from the settlement of the Higgins claim. This is not borne out by the record. In fact the release executed by Mrs. Higgins, in final consummation of the settlement, recites that the timber was conveyed to defendant at her request and "pursuant to her instructions." Thus the transfer and conveyance of the timber is inseparably connected with the principal transaction, and if the special agreement now relied upon was in fact made it should have been incorporated either in the deed or the release.

The trial court was therefore right in excluding parol evidence thereof and the order appealed from must be and is affirmed.