## THORVALD NILSEN v. FARMERS STATE BANK OF VAN HOOK, N. D.[1]

December 16, 1927.

No. 26,367.

**When allegation of insolvency is unnecessary.**

[1] In an action for fraud and deceit, based upon misrepresentations as to the character and value of the security, in the sale of a real estate mortgage, it is not necessary to allege the insolvency of the mortgagor.

**Measure of damages.**

[2] The damages recoverable in such an action are the difference between the value of what the purchaser parted with and the value of that which he received.

Fraud, 27 C. J. p. 30 n. 77; p. 33 n. 4; p. 92 n. 60.

[1]Reported in 216 N. W. 943.

Plaintiff appealed from an order of the district court for Hennepin county, Montgomery, J. denying his motion for a new trial. Reversed.

*Arthur T. Nelson,* for appellant.

*Daly & Barnard,* for respondent.

WILSON, C. J.

Appeal from an order denying plaintiff's motion for a new trial.

The action is to recover damages sustained by reason of fraud and deceit practiced by defendant in inducing plaintiff to purchase, in reliance thereon, a North Dakota real estate mortgage and the note secured thereby. The answer was a general denial. When the case was called for trial, the court granted defendant's motion to dismiss on the ground that the complaint failed to state a cause of action.

The mortgage, on 320 acres of land, was for $2,000. Upon default it was foreclosed and the land, subject to taxes in the sum of $746.48, was sold to plaintiff for $950.31. Plaintiff has been awarded a deficiency judgment against the mortgagors for $1,542.60 including interest, etc.

The complaint contains a general allegation of substantial damages.

[1] The attack on the sufficiency of the complaint is directed at the absence of an allegation of insolvency of the mortgagors. Is such allegation essential?

The false representations alleged were not as to the solvency of the mortgagors but as to the acreage of the land under cultivation, the amount of waste land thereon, the distance from market, the character of the soil, and the value of the land.

The complaint states a cause of action for nominal damages. Bradford v. Neill, 46 Minn. 347, 49 N. W. 193. We think it does more. Mortgages are usually sold and bought because of the mortgage security and not because of the personal obligation on the note thereby secured. In farm loans the personal obligation on the part of the mortgagor is merely incidental. Mortgages are usually comparatively long-time loans. Their stability rests upon the security.

The plaintiff did not get what he bought. The gist of the action is the fraud as to the security. The law seeks to compensate for the real deficiency. He need not wait for the maturity of the debt before seeking his remedy. If he seeks redress before the maturity of the obligation he may well be without knowledge or proof as to debtor's solvency. The law does not require things which force claims for fraud to grow stale. One guilty of fraud should be called to prompt account. Nor should one who has been defrauded as to his security be subjected to the hazard of the possible insolvency of the mortgagor upon the expiration of a long-time security. In the meantime the necessary witnesses may die or disappear. The defendant is not in a position to insist upon the plaintiff's first exhausting his remedies against the mortgagors. It is primarily liable for the direct consequence of its own wrong. The question of the solvency of the mortgagors and the value of the deficiency judgment are questions of evidence as to the amount of damages the plaintiff may be entitled to recover rather than questions of pleadings. If the mortgagors are solvent the damage must lie in their possible insolvency. This is an action for damages and not for rescission.

[2] The prayer for relief shows that the pleader did not have in mind the true rule of damages in cases of this character, which is that the injured purchaser may recover the difference between the value of what he is induced to part with and the value of what he gets in the transaction. 3 Dunnell, Minn. Dig. (2 ed.) § 3841; Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110. As an exception to the general rule, it is, in certain cases, perhaps where lapse of time does not affect values, permissible to say that the recovery is limited to that portion of the mortgaged debt which the securities, properly applied, fail to pay. First Nat. Bank of Webster v. First Nat. Bank of Mobridge, 45 S. D. 335, 187 N. W. 623; Beetle v. Anderson, 98 Wis. 5, 73 N. W. 560. But this is merely another way of expressing the fundamental rule as it may apply to a particular case.

Reversed.